# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **INTERNATIONAL IP HOLDINGS, LLC,** a Michigan limited liability company**, and INNOVATION VENTURES, LLC,** a Michigan limited liability company**,** | **Case No. _____** |
| *Plaintiffs,* | *INJUNCTIVE RELIEF REQUESTED* |
| **v.** | *JURY TRIAL DEMANDED* |
| **VITAMIN ENERGY, LLC,** a Delaware limited liability company, | |
| *Defendant.* | |

## PLAINTIFFS INTERNATIONAL IP HOLDINGS, LLC AND INNOVATION VENTURES, LLC'S COMPLAINT



## I.   PARTIES

1.    Plaintiff International IP Holdings, LLC ("IIPH") is a Michigan limited liability company located in Bloomfield Hills, Michigan. IIPH is the owner of the intellectual property asserted against Defendant in this action.

2.    Plaintiff Innovation Ventures, LLC ("Innovation Ventures") (IIPH and Innovation Ventures collectively "Plaintiffs") is a Michigan limited liability company with its principal place of business in Farmington Hills, Michigan. Innovation Ventures is the exclusive licensee of the intellectual property rights asserted against Defendant in this action.

3.    Upon information and belief, Defendant Vitamin Energy, LLC ("VE" OR "Defendant") is a Delaware limited liability company, having its principle office in New York, New York.

## II.   JURISDICTION AND VENUE

4.    This Complaint includes the following claims under federal law: (1) trademark infringement under 15 U.S.C. § 1114, (2) false and misleading descriptions and designations of affiliation, connection, association, origin, sponsorship, and approval under 15 U.S.C. § 1125(a)(1)(A); (3) false advertising under § 1125(a)(1)(B); (4) common law trademark infringement, (5) indirect trademark infringement; and (6) dilution under 15 U.S.C. § 1125(c).



1

5.      This Complaint includes the following claim under Michigan law: unfair competition under MCL § 445.903.

6.      This Court has federal question subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338, and 15 U.S.C. § 1121.

7.      This Court has supplementary subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as the claims are so related to the federal claims that they form part of the same case and controversy under Article III of the United States Constitution.

8.      This Court has specific personal jurisdiction over Defendant, because, as described more thoroughly herein, it purposefully availed itself to, and enjoys the benefits of, the laws of Michigan, it had sufficient minimum contacts with the State of Michigan and this District, this action arises out of these contacts, and exercising jurisdiction over Defendant would be reasonable and comport with the requirements of due process.

9.      Exercise of jurisdiction over Defendant is proper under MCL § 600.705 as it: (a) transacts business within Michigan, (b) has done and caused an act to be done and consequence to occur in Michigan in an action for tort; and (c) owns, uses, and possesses personal property within Michigan.

10.      Venue is proper under 28 U.S.C. § 1391.



2

### III.  FACTS COMMON TO ALL COUNTS

**A.  Asserted Intellectual Property**

11.  Plaintiffs own and possess full legal rights to enforce a family of trademarks (hereinafter "5-HOUR ENERGY Trademarks") that are used in connection with the marketing and sale of 5-HOUR ENERGY® branded products. Many of the 5-HOUR ENERGY Trademarks have received federal registration, including, but not limited to, the following registrations (copies of the Certificates of Registration are attached hereto as Exhibits A-F):

| Mark | Registration No. | Registration Date | Class of Goods |
|------|------|------|------|
| 5-HOUR ENERGY | 4,004,225 | Aug. 2, 2011 | (Class 5) Dietary supplements;<br><br>(Class 32) energy shots, namely, energy drinks |
| *5-hour ENERGY* | 4,104,670 | Feb. 28, 2012 | (Class 5) Dietary supplements;<br><br>(Class 32) Non-alcoholic drinks, namely, energy drinks |
| *5-hour ENERGY* | 4,134,079 | May 1, 2012 | (Class 5) Dietary supplements;<br><br>(Class 32) (Non-alcoholic drinks, namely, energy shots |
| *5-hour ENERGY* | 4,120,360 | Apr. 3, 2012 | (Class 5) Dietary supplements;<br><br>(Class 32) Non-alcoholic drinks, namely, energy shots |



| | | | |
|---|---|---|---|
| | 4,116,951 | Mar. 27, 2012 | (Class 5) Dietary supplements;<br><br>(Class 32) Non-alcoholic drinks, namely, energy shots |
| | 4,120,361 | Apr. 3, 2012 | (Class 5) Dietary supplements;<br><br>(Class 32) Non-alcoholic drinks, namely, energy shots |

12. The foregoing trademark registrations are all current, in full force and effect, and related to trademarks that are inherently distinctive or have become distinctive through acquisition of secondary meaning. Additionally, the foregoing trademarks are famous marks as contemplated by 15 U.S.C. § 1125(c).

13. As previously explained by the United States Circuit Court for the Sixth Circuit in *Innovation Ventures, LLC v. N.V.E., Inc.*, 694 F.3d 723, 730 (6th Cir. 2012), 5-HOUR ENERGY® is a suggestive mark.

14. The 5-HOUR ENERGY Trademarks are incontestable and conclusively valid.

15. Plaintiffs use the 5-HOUR ENERGY Trademarks in connection with advertising, distribution, and sale of various products including, 5-HOUR ENERGY® branded dietary supplements that are commonly categorized as "liquid energy shots" ("5-HOUR ENERGY Products").



16. Plaintiffs have devoted significant time, effort, and resources to create consumer recognition by developing, advertising, and promoting their 5-HOUR ENERGY Products.

17. The 5-HOUR ENERGY Products are extensively and widely advertised through various media outlets, including network and cable television, radio, the internet, and traditional print. Since their introduction, the 5-HOUR ENERGY Products have received extensive news coverage by national, regional, and local print and broadcast media. Indeed, in 2009, Advertising Age Magazine recognized 5-HOUR ENERGY as one of *America's Hottest Brands*.

18. As a result of Plaintiffs' efforts, the 5-HOUR ENERGY Products have defined the liquid energy shot market and are known within the industry for being of the highest quality. As the best-known liquid energy shot on the market, 5-HOUR ENERGY Products are sold in over 100,000 locations throughout the United States. Moreover, since the first sale in 2004, billions of 5-HOUR ENERGY Products have been sold in the United States.

19. As a result of Plaintiffs' efforts, they have accumulated considerable goodwill in their distinctive and famous 5-HOUR ENERGY Trademarks.

20. As a result of continuous use, ubiquitous promotion, and extensive sales, Plaintiffs' 5-HOUR ENERGY Trademarks enjoy substantial recognition, fame, and



5

notoriety throughout the United States and are recognized by the general and consuming public as emanating from Plaintiffs.

21.  Plaintiffs have consistently used their registered Trademarks in conjunction with the letter R enclosed by a circle and/or other indicia sufficient to provide notice of registration.

22.  Examples of Plaintiffs' 5-HOUR ENERGY Products are shown below:

     

     

## B.  Defendant's Infringing Products and Activities

23.  Defendant markets, manufactures, distributes, offers for sale, sells, advertises, and promotes liquid energy shots and in commerce ("Defendant's Products").

24.  In connection with Defendant's Products, Defendant uses words, terms, names, symbols, devices, and/or combinations, including 7 HOURS of ENERGY, that infringe upon and are confusingly similar to Plaintiffs' 5-HOUR ENERGY Trademarks.



25.    On information and belief, Defendant has also induced others to market, manufacture, distribute, offer for sale, sell, advertise, and promote liquid energy shots in commerce in connection with products and/or containers thereof that infringe upon and are confusingly similar to Plaintiffs' 5-HOUR ENERGY Trademarks.

26.    Defendant's activities constitute false designation of origin, false or misleading description of fact, and/or false or misleading representations of fact.

27.    In a number of cases, courts and juries have consistently found that similar marks infringed Plaintiffs' Trademarks: (1) "6 HOUR ENERGY" and "up to 7 HOURS of ENERGY," *Innovation Ventures, LLC v. N2G Distrib.*, Case No. 08-CV-10983 (E.D. Mich.); and (2) "6 HOUR POWER", *Innovation Ventures, LLC v. N.V.E., Inc.*, Case No. 08-11867 (E.D. Mich.).

28.    Examples of Defendant's infringing and misleading uses of confusingly similar marks are shown below:





7



29.     On information and belief, Defendant are aware of Plaintiffs' 5-HOUR ENERGY Products and Trademarks.

30.     On information and belief, Defendant engaged in its infringing and misleading activities with actual knowledge and notice of Plaintiffs' 5-HOUR ENERGY Trademarks with the willful intent to cause confusion, cause mistake, and to deceive the public, consumers, and businesses as to the affiliation, connection, or association between Defendant's Products and Plaintiffs.

31.     Defendant does not have, and never had, consent, license, approval or other authorization to use Plaintiffs' 5-HOUR ENERGY Trademarks in any manner.

32.     Defendant also advertises its product with a series of misleading and false statements, including false and misleading comparative advertising and claims that Defendant's products provide steroid-like athletic performance enhancement. Examples are shown below:



8

## PERFORM+
### Energy On Call

Many factors influence performance. **VitaminEnergy®** contains performance-enhancing supplements like Vitamin B12 that help in the production of red blood cells, caffeine to provide energy and CBD as an anti-inflammatory. The synergy provided by these nutrients allow **VitaminEnergy®** to deliver improved performance without the use of harmful steroids or steroid-like compounds.

**SHOP**



**FORMULATED FOR ATHLETES**

The synergy provided by these nutrients allow **VitaminEnergy®** to deliver improved performance without the use of harmful steroids or steroid-like compounds.

## Professional Athletes

**VitaminEnergy®** was originally designed as the energy shot of choice for professional athletes. If you compete at the highest levels in sports, **VitaminEnergy®** gives you a healthier, better for you shot of energy to maximize your performance.





## IV.  CLAIMS FOR RELIEF

### A.   Count I: Trademark Infringement under 15 U.S.C. § 1114

33.     Plaintiffs repeat and re-allege the allegations of paragraphs 1–32 as if fully set forth herein.

34.     Plaintiffs own and possess full legal right to enforce the 5-HOUR ENERGY trademark with U.S. Registration No. 4,004,225, which is valid, registered, and uncontestable.

35.     Defendant's infringing activities, including those described herein, constitute willful infringement of Plaintiffs' exclusive rights in the 5-HOUR ENERGY trademark with U.S. Registration No. 4,004,225 in violation of federal trademark laws, including 15 U.S.C. § 1114.

36.     As willfully intended, Defendant's use of copies, reproductions, and colorable imitations of the 5-HOUR ENERGY trademark with U.S. Registration No. 4,004,225 is likely to cause, has caused, and continues to cause confusion, mistake, and deception concerning the source, sponsorship, or approval of Defendant's goods and services.

37.     Defendant's infringing activities will continue unless restrained and enjoined.

38.     Defendant's infringing activities have directly and proximately caused and continue to cause irreparable and economic injury to Plaintiffs, including loss of good



will, reputational harms, loss of business, loss of sales, loss of revenues, and loss of profits.

39.     Plaintiffs are entitled to compensatory damages, including expectation and consequential, non-pecuniary damages, pecuniary damages, exemplary damages, aggravated damages, restitutionary damages, nominal damages, Defendant's profits, and Plaintiffs' lost profits.

40.     Monetary damages and other remedies at law are insufficient to fully compensate Plaintiffs for their injuries, and Plaintiffs are entitled to equitable relief, including preliminary and permanent injunctive relief.

41.     Plaintiffs are entitled to have all of Defendant's infringing products and all related materials likely to cause confusion, mistake, and/or deception delivered up and destroyed.

**B.    Count II: False and Misleading Descriptions and Designations of Affiliation, Connection, Association, Source, Sponsorship, and Approval under 15 U.S.C. § 1125(a)(1)(A)**

42.     Plaintiffs repeat and re-allege the allegations of paragraphs 1–41 as if fully set forth herein.

43.     As willfully intended, Defendant's false, misleading, confusing, and deceptive activities, including those described herein, constitute misleading descriptions that are likely to cause, have caused, and continue to cause confusion, mistake, and



deception as to the affiliation, connection, association, source, sponsorship, and approval of Defendant's goods or commercial activities.

44.    Defendant's false, misleading, confusing, and deceptive activities will likely continue unless restrained and enjoined.

45.    Defendant's false, misleading, confusing, and deceptive activities have directly and proximately caused and continue to cause irreparable and economic injury to Plaintiffs, including loss of good will, reputational harms, loss of business, loss of sales, loss of revenues, and loss of profits.

46.    Plaintiffs are entitled to compensatory damages, including expectation and consequential, non-pecuniary damages, pecuniary damages, exemplary damages, aggravated damages, restitutionary damages, nominal damages, Defendant's profits, and Plaintiffs' lost profits.

47.    Monetary damages and other remedies at law are insufficient to fully compensate Plaintiffs for their injuries, and Plaintiffs are entitled to equitable relief, including preliminary and permanent injunctive relief.

48.    Plaintiffs are entitled to have Defendant's infringing products and all related false, misleading, confusing, and/or deceptive materials delivered up and destroyed.



## C.   Count III: False Advertising under 15 U.S.C. § 1125(a)(1)(B)

49.   Plaintiffs repeat and re-allege the allegations of paragraphs 1–48 as if fully set forth herein.

50.   As willfully intended, Defendant's false and misleading commercial advertising, including that which is described herein, misrepresents the nature, characteristics, and qualities of Defendant's Products and commercial activities.

51.   Defendant's false and misleading commercial advertising will likely continue unless restrained and enjoined.

52.   Defendant's false and misleading commercial advertising have directly and proximately caused and continue to cause irreparable and economic injury to Plaintiffs, including loss of good will, reputational harms, loss of business, loss of sales, loss of revenues, and loss of profits.

53.   Plaintiffs are entitled to compensatory damages, including expectation and consequential, non-pecuniary damages, pecuniary damages, exemplary damages, aggravated damages, restitutionary damages, nominal damages, Defendant's profits, and Plaintiffs' lost profits.

54.   Monetary damages and other remedies at law are insufficient to fully compensate Plaintiffs for their injuries, and Plaintiffs are entitled to equitable relief, including preliminary and permanent injunctive relief.



55.     Plaintiffs are entitled to have Defendant's false and misleading commercial advertising delivered up and destroyed.

## D.   Count IV: Common Law Trademark Infringement

56.     Plaintiffs repeat and re-allege the allegations of paragraphs 1–55 as if fully set forth herein.

57.     Plaintiffs were the first to use their 5-HOUR ENERGY Trademarks on a 2-ounce liquid shot product in commerce.

58.     Plaintiffs have continuously used their Trademarks in commerce since their respective first uses.

59.     As a result of continuous and notorious use, Plaintiffs' Trademarks have become widely known and recognized by the public mind as a source identifier of Plaintiffs' products, have acquired immense good will, and are strongly associated with a reputation for quality and performance.

60.     As willfully intended, Defendant's use of copies, reproductions, and colorable imitations of the 5-HOUR ENERGY Trademarks are likely to cause, have caused, and continue to cause confusion, mistake, and deception concerning the source, sponsorship, and approval of Defendant's products and services.

61.     Defendant's infringing activities will likely continue unless restrained and enjoined.



62.     Defendant's infringing activities have directly and proximately caused and continue to cause irreparable and economic injury to Plaintiffs, including loss of good will, reputational harms, loss of business, loss of sales, loss of revenues, and loss of profits.

63.     Plaintiffs are entitled to compensatory damages, including expectation and consequential, non-pecuniary damages, pecuniary damages, exemplary damages, aggravated damages, restitutionary damages, nominal damages, Defendant's profits, and Plaintiffs' lost profits.

64.     Monetary damages and other remedies at law are insufficient to fully compensate Plaintiffs for their injuries, and Plaintiffs are entitled to equitable relief, including preliminary and permanent injunctive relief.

65.     Plaintiffs are entitled to have Defendant's infringing products and all related materials likely to cause confusion, mistake, and/or deception delivered up and destroyed.

## E.  Count V: Indirect Trademark Infringement

66.     Plaintiffs repeat and re-allege the allegations of paragraphs 1–65 as if fully set forth herein.

67.     Defendant has induced others to use, contributed to others' use of, and directed others under Defendant's control to use words, terms, names, symbols, devices, and/or combinations thereof in connection with goods and containers for goods in



commerce that are likely to cause, have caused, and continue to cause confusion, mistake, and deception as to the affiliation, connection, association, source, sponsorship, and approval of Defendant's goods and commercial activities.

68.     As willfully intended, Defendant's actions sufficiently and necessarily caused and continuing to cause others to directly infringe Plaintiffs' 5-HOUR ENERGY Trademarks.

69.     Defendant's indirect infringement is likely to continue unless restrained and enjoined.

70.     Defendant's indirect infringement has directly and proximately caused and continues to cause irreparable injury and economic injury to Plaintiffs, including loss of good will, reputational harms, loss of business, loss of sales, loss of revenues, and loss of profits.

71.     Plaintiffs are entitled to compensatory damages, including expectation and consequential, non-pecuniary damages, pecuniary damages, exemplary damages, aggravated damages, restitutionary damages, nominal damages, Defendant's profits, and Plaintiffs' lost profits.

72.     Monetary damages and other remedies at law are insufficient to fully compensate Plaintiffs for their injuries, and Plaintiffs are entitled to equitable relief, including preliminary and permanent injunctive relief.



73.    Plaintiffs are entitled to have Defendant's infringing products and all related materials likely to cause confusion, mistake, and/or deception delivered up and destroyed.

### F.    Count VI: Dilution under 15 U.S.C. § 1125(c)

74.    Plaintiffs repeat and re-allege the allegations of paragraphs 1–73 as if fully set forth herein.

75.    As willfully intended, Defendant's activities are likely to dilute, have diluted, and continue to dilute Plaintiffs' 5-HOUR ENERGY Trademarks by "blurring", as Defendant's activities are likely to cause, have caused, and continue to cause an association arising from the similarity between Defendant's Products and marks with Plaintiffs' 5-HOUR ENERGY Products and Trademarks, which impairs the 5-HOUR ENERGY Trademarks' distinctiveness and notoriety.

76.    As willfully intended, Defendant's activities are likely to dilute, have diluted, and continue to dilute Plaintiffs' 5-HOUR ENERGY Trademarks by "tarnishment", as Defendant activities are likely to cause, have caused, and are causing an association between Defendant's Products and Plaintiffs' 5-HOUR ENERGY Trademarks, which harms and tarnishes the 5-HOUR ENERGY Trademarks, including the 5-HOUR ENERGY trademark with U.S. Registration No. 4,004,225.

77.    Defendant's dilutive activities will likely continue unless restrained and enjoined.



78.     Defendant's dilutive activities directly and proximately caused and continue to cause irreparable and economic injury to Plaintiffs, including loss of good will, reputational harms, loss of business, loss of sales, loss of revenues, and loss of profits.

79.     Plaintiffs are entitled to compensatory damages, including expectation and consequential, non-pecuniary damages, pecuniary damages, exemplary damages, aggravated damages, restitutionary damages, nominal damages, Defendant's profits, and Plaintiffs' lost profits.

80.     Monetary damages and other remedies at law are insufficient to fully compensate Plaintiffs for their injuries, and Plaintiffs are entitled to equitable relief, including preliminary and permanent injunctive relief. Nevertheless, Plaintiff is entitled to an injunction under 15 U.S.C. § 1125(c)(5).

81.     Plaintiffs are entitled to have Defendant's infringing products and all related materials likely to cause confusion, mistake, and/or deception delivered up and destroyed.

## G.  Count VII: Unfair Competition under MCL § 445.903

82.     Plaintiffs repeat and re-allege the allegations of paragraphs 1–81 as if fully set forth herein.

83.     As willfully intended, Defendant has engaged in unfair, unconscionable, and deceptive acts and practices, including those described herein, in the conduct of trade



and commerce that have a probability of confusion and misunderstanding as to the source, sponsorship, approval, and certification of Defendant's Products.

84.     Defendant's unfair, unconscionable, and deceptive acts will continue unless restrained and enjoined.

85.     Plaintiffs are entitled to compensatory damages, including expectation and consequential, non-pecuniary damages, pecuniary damages, exemplary damages, aggravated damages, restitutionary damages, nominal damages, Defendant's profits, and Plaintiffs' lost profits.

86.     Defendant's unfair, unconscionable, and deceptive acts have directly and proximately caused and continue to cause irreparable injury and economic injury to Plaintiffs, including loss of good will, reputational harms, loss of business, loss of sales, loss of revenues, and loss of profits.

87.     Monetary damages and/or other remedies at law are insufficient to fully compensate Plaintiffs for their injuries, and Plaintiffs are entitled to equitable relief, including preliminary and permanent injunctive relief.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray for judgment against Defendant as follows:

A.     A determination that Defendant has infringed Plaintiffs' 5-HOUR ENERGY trademark with U.S. Registration No. 4,004,225 in violation of 15 U.S.C. §



1114, Defendant's infringement was willful, Plaintiffs have been damaged by infringement, and Defendant are liable to Plaintiffs for such infringement;

B.    A determination that Defendant has violated 15 U.S.C. § 1125(a)(1)(A), Defendant's violation was willful, Plaintiffs have been damaged by such violation, and Defendant is liable to Plaintiffs for such violation;

C.    A determination that Defendant has violated 15 U.S.C. § 1125(a)(1)(B), Defendant's violation was willful, Plaintiffs have been damaged by such violation, and Defendant is liable to Plaintiffs for such violation;

D.    A determination that Defendant has infringed Plaintiffs' 5-HOUR ENERGY Trademarks under common law, Defendant's infringement was willful, Plaintiffs have been damaged by such violation, and Defendant is liable to Plaintiffs for such infringement;

E.    A determination that Defendant has indirectly infringed Plaintiffs' Trademarks by inducing others to infringe, contributing to others' infringement of, and directing others under its control to infringe Plaintiffs' 5-HOUR ENERGY Trademarks, Defendant's indirect infringement was willful, Plaintiffs have been damaged, and Defendant is liable to Plaintiffs for such indirect infringement;

F.    A determination that Defendant has violated 15 U.S.C. § 1125(c), Defendant's violation was willful, Plaintiffs have been damaged by such violation, and Defendant is liable to Plaintiffs for such violation;



20

G.     A determination that Defendant violated MCL § 445.903, Defendant's violation was willful, Plaintiffs have been damages by such violation, and Defendant is liable to Plaintiffs for such violation;

H.     An award of damages sufficient to compensate Plaintiffs for its injuries or, alternatively, an award equal to Defendant's wrongfully obtained profits, whichever is greater;

I.     An award trebling damages or, alternatively, trebling Defendant's wrongfully obtained profits, whichever is greater, plus Plaintiffs' attorneys' fees and costs, pursuant to 15 U.S.C. § 1117;

J.     A declaration that this case is an exceptional case and an award of attorneys' fees;

K.     An award of Plaintiffs' taxable costs of this civil action, including interest;

L.     An award of any additional costs and disbursements incurred as a result of bringing this action;

M.     Under all claims for relief, a preliminary and permanent injunction that enjoins Defendant, its officers, employees, agents, successors and assignees, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from:



1.      using, inducing others to use, contributing to others' use of, or directing others to use any simulation, copy, reproduction, or colorable imitation of the 5-HOUR ENERGY Trademarks, including 7-HOUR ENERGY and 7 HOURS of ENERGY, in connection with liquid energy shots without Plaintiffs' express authorization;

2.      importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any product or services using any simulation, copy, reproduction, or colorable imitation of the 5-HOUR ENERGY Trademarks, or inducing others to, contributing to others' doing, or directing others to do the same, without Plaintiffs' express authorization; and

3.      using, inducing others to use, contributing to others' use of, or directing others to use any false designation of origin or false description (including, without limitation, any letters, symbols, or designs infringing or encroaching upon Plaintiffs' Trademarks) or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendant are in any manner associated with Plaintiffs or Plaintiffs' 5-HOUR ENERGY Trademarks, or any other product sold, manufactured, licensed, sponsored, approved or authorized by Plaintiffs.

N.      Defendant be ordered to:



22

1.      file with the Court and serve upon the Plaintiffs, within thirty (30) days after the service of the injunction upon Defendant, a report in writing under oath setting forth in detail the manner and form in which the Defendant has complied with the injunction and judgment entered pursuant to this Complaint;

2.      deliver for destruction all products, labels, tags, signs, prints, packages, videos, advertisements, in its possession or under its control, bearing or using 6-HOUR ENERGY and 6-HR ENERGY or any other simulation, reproduction, or colorable imitation of Plaintiffs' marks, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118;

3.      file with the Court and provide to Plaintiffs an accounting of all sales and profits realized by Defendant for liquid shot products; and

4.      permit Plaintiffs, and/or auditors employed or contracted by Plaintiffs, to audit and inspect the books, records, and premises of Defendant and related entities for a period of six (6) months after entry of final relief in this matter, to determine the scope of Defendant's past use of Plaintiffs' intellectual property.

O.      Any such other, further, and additional relief that may be considered just and equitable based on the facts and allegations contained herein or appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendant is



manufactured, distributed, authorized, sponsored, approved, or associated with Plaintiffs or Plaintiffs' Marks.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a jury trial on all issues triable by a jury.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

Dated:  June 10, 2019

  /s/ Marc Lorelli
MARC LORELLI (P63156)
ALAN J. GOCHA (P80972)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Telephone: (248) 358-4400
Facsimile: (248) 358-3351
Email:  agocha@brookskushman.com

*Attorneys for Plaintiffs*



24