## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **INTERNATIONAL IP HOLDINGS, LLC**, a Michigan limited liability company, and **INNOVATION VENTURES, LLC**, a Michigan limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>**VITAMIN ENERGY, LLC**, a Delaware limited liability company,<br><br>Defendant. | Case No. 2:19-CV-11716-DPH-MKM<br><br>Hon. Denise Page Hood<br><br>MJ Mona K. Majzoub |
| **BROOKS KUSHMAN P.C.**<br>Marc Lorelli (P63156)<br>Alan J. Gocha (P80972)<br>1000 Town Center, 22nd Floor<br>Southfield, Michigan 48075<br>mlorelli@brookskushman.com<br>agocha@brookskushman.com<br>Telephone: (248) 358-4400<br>*Attorneys for Plaintiffs* | **BUTZEL LONG PC**<br>George Schooff (P45596)<br>150 West Jefferson, Suite 100<br>Detroit, Michigan 48226<br>schooff@butzel.com<br>Telephone: (313) 225-7000<br>*Attorney for Defendant* |

## DEFENDANT VITAMIN ENERGY, LLC'S
## ANSWER TO COMPLAINT

NOW COMES Defendant, **VITAMIN ENERGY, LLC,** by and through its

attorneys Butzel Long, P.C., and in answer to Plaintiffs International IP Holdings,

LLC and Innovation Ventures, LLC's complaint states as follows:

*(vertical text, left margin)* BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

## I.   PARTIES

1.   Plaintiff International IP Holdings, LLC ("IIPH") is a Michigan limited liability company located in Bloomfield Hills, Michigan. IIPH is the owner of the intellectual property asserted against Defendant in this action.

**ANSWER:**  Vitamin Energy, LLC is without sufficient information with which to form a belief as to the truth or accuracy of the allegations of this Paragraph, and therefore denies them.

2.   Plaintiff Innovation Ventures, LLC ("Innovation Ventures") (IIPH and Innovation Ventures collectively "Plaintiffs") is a Michigan limited liability company with its principal place of business in Farmington Hills, Michigan. Innovation Ventures is the exclusive licensee of the intellectual property rights asserted against Defendant in this action.

**ANSWER:**   Vitamin Energy, LLC is without sufficient information with which to form a belief as to the truth or accuracy of the allegations of this Paragraph, and therefore denies them.

3.   Upon information and belief, Defendant Vitamin Energy, LLC ("VE" OR "Defendant") is a Delaware limited liability company, having its principle office in New York, New York.

**ANSWER:**  Admitted that Vitamin Energy, LLC is a Delaware limited liability company. Vitamin Energy, LLC denies the remaining allegations in this Paragraph.

## II.   JURISDICTION AND VENUE

4.   This Complaint includes the following claims under federal law: (1) trademark infringement under 15 U.S.C. § 1114, (2) false and misleading descriptions and designations of affiliation, connection,

2

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

association, origin, sponsorship, and approval under 15 U.S.C. § 1125(a)(1)(A); (3) false advertising under § 1125(a)(1)(B); (4) common law trademark infringement, (5) indirect trademark infringement; and (6) dilution under 15 U.S.C. § 1125(c).

**ANSWER:** This Paragraph contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Vitamin Energy, LLC admits Plaintiffs' complaint alleges the claims Plaintiffs listed in this Paragraph.

5.    This Complaint includes the following claim under Michigan law: unfair competition under MCL § 445.903.

**ANSWER:** This Paragraph contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Vitamin Energy, LLC admits Plaintiffs' complaint alleges a claim Plaintiffs listed in this Paragraph.

6.    This Court has federal question subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338, and 15 U.S.C. § 1121.

**ANSWER:** This Paragraph contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Vitamin Energy, LLC does not contest subject matter jurisdiction over the federal law claims Plaintiffs have alleged under 28 U.S.C. § 1331 and 15 U.S.C. § 1121. Vitamin Energy, LLC denies the remaining allegations contained in this Paragraph.

7.    This Court has supplementary subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as the claims are so related to

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

3

the federal claims that they form part of the same case and controversy under Article III of the United States Constitution.

**ANSWER:** This Paragraph contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Vitamin Energy, LLC denies there is subject matter jurisdiction over the state law claims Plaintiffs have alleged.

8.    This Court has specific personal jurisdiction over Defendant, because, as described more thoroughly herein, it purposefully availed itself to, and enjoys the benefits of, the laws of Michigan, it had sufficient minimum contacts with the State of Michigan and this District, this action arises out of these contacts, and exercising jurisdiction over Defendant would be reasonable and comport with the requirements of due process

**ANSWER:** Admitted.

9.    Exercise of jurisdiction over Defendant is proper under MCL § 600.705 as it: (a) transacts business within Michigan, (b) has done and caused an act to be done and consequence to occur in Michigan in an action for tort; and (c) owns, uses, and possesses personal property within Michigan.

**ANSWER:** Admitted.

10.    Venue is proper under 28 U.S.C. § 1391.

**ANSWER:** Admitted.

## III.    FACTS COMMON TO ALL COUNTS

### A.    Asserted Intellectual Property

11.    Plaintiffs own and possess full legal rights to enforce a family of trademarks (hereinafter "5-HOUR ENERGY Trademarks") that are used in connection with the marketing and sale of 5-HOUR ENERGY® branded products. Many of the 5-HOUR ENERGY Trademarks have

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

4

received federal registration, including, but not limited to, the following registrations (copies of the Certificates of Registration are attached hereto as Exhibits A-F):

**ANSWER:** This Paragraph contains legal conclusions and allegations to which no answer is required. In addition, Vitamin Energy, LLC is without sufficient information with which to form a belief as to the truth or accuracy of the allegations of this Paragraph, and therefore denies them.

12.   The foregoing trademark registrations are all current, in full force and effect, and related to trademarks that are inherently distinctive or have become distinctive through acquisition of secondary meaning. Additionally, the foregoing trademarks are famous marks as contemplated by 15 U.S.C. § 1125(c).

**ANSWER:** Vitamin Energy, LLC is without sufficient information with which to form a belief as to the truth or accuracy of the allegations of this Paragraph relating to whether Plaintiffs' alleged trademark registrations are "all current, and in full force and effect," and therefore denies them. Vitamin Energy, LLC denies the remaining allegations in this Paragraph, including that Plaintiffs' self-described "trademarks … are inherently instinctive or have become distinctive through the acquisition of secondary meaning." In fact, courts have repeatedly ruled that 5-HOUR ENERGY is "inherently weak" because of its descriptive nature. *See, e.g., Innovation Ventures, LLC v. N.V.E., Inc.*, 747 F. Supp. 2d 853, 868 (E.D. Mich. 2010), *rev'd in part on other grounds*, 694 F.3d 723 (6th Cir. 2012); *see also Int'l IP Holdings, LLC v. Green Planet, Inc.*, No.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

13-cv-13988 (E.D. Mich. Mar. 30, 2016). The words "five hour energy" merely describe what Plaintiffs contend the product does—provide "energy" for "five hours." Moreover, when Plaintiffs applied to register the words 5-HOUR ENERGY with the U.S. Patent and Trademark Office, the Office denied the application because the words are merely descriptive. *Innovation Ventures*, 694 F.3d at 727. As such, even assuming the description five hour energy could serve as a mark, the mark would be inherently weak. Finally, Plaintiffs have admitted in other judicial proceedings that 5-HOUR ENERGY is not inherently distinctive, an admission that estops Plaintiffs from contesting that fact as established in this or any other proceeding. *See, e.g., Innovation Ventures, LLC v. N2G Distributing, Inc.*, 779 F. Supp. 2d 671, 675 (E.D. Mich. 2011).

13.    As previously explained by the United States Circuit Court for the Sixth Circuit in *Innovation Ventures, LLC v. N.V.E., Inc.,* 694 F.3d 723, 730 (6th Cir. 2012), 5-HOUR ENERGY® is a suggestive mark.

**ANSWER:** Vitamin Energy, LLC denies the Sixth Circuit panel in the case cited in this Paragraph said—let alone held—that 5-HOUR ENERGY "is a suggestive mark." In fact, the court said "[t]he '5-hour ENERGY' mark could be characterized as merely descriptive, in the sense that it simply describes a product that will give someone five hours of energy." *Id.* In addition, other courts have ruled that 5-HOUR ENERGY is "inherently weak" as a mark because of its descriptive nature. *See, e.g., Innovation Ventures, LLC v. N.V.E.,*

6

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

*Inc.*, 747 F. Supp. 2d 853, 868 (E.D. Mich. 2010), *rev'd in part on other grounds*, 694 F.3d 723 (6th Cir. 2012); *see also Int'l IP Holdings, LLC v. Green Planet, Inc.*, No. 13-cv-13988 (E.D. Mich. Mar. 30, 2016). The words merely describe what Plaintiffs contend the product is supposed to do—provide "energy" for "five hours." Moreover, when Plaintiffs applied to register the words 5-HOUR ENERGY with the U.S. Patent and Trademark Office, the Office denied the application because the combination of words is merely descriptive. *Innovation Ventures*, 694 F.3d at 727. As such, even assuming the description 5-HOUR ENERGY could serve as a mark, the mark would be inherently weak.

14.     The 5-HOUR ENERGY Trademarks are incontestable and conclusively valid.

**ANSWER:** This Paragraph contains legal conclusions and allegations to which no answer is required. Vitamin Energy, LLC denies the remaining allegations in this Paragraph. Even if a trademark owner has filed paperwork with the Trademark Office such that the trademark owner can allege a mark is "incontestable," the mark can be challenged and the registration cancelled if, among other things, the trademark owner committed fraud on the Trademark Office.

15.     Plaintiffs use the 5-HOUR ENERGY Trademarks in connection with advertising, distribution, and sale of various products including, 5-HOUR

ENERGY® branded dietary supplements that are commonly categorized as "liquid energy shots" ("5-HOUR ENERGY Products").

**ANSWER:** Vitamin Energy, LLC is without sufficient information with which to form a belief as the truth or accuracy of the allegations of this Paragraph, and therefore denies them.

16. Plaintiffs have devoted significant time, effort, and resources to create consumer recognition by developing, advertising, and promoting their 5-HOUR ENERGY Products.

**ANSWER:** Vitamin Energy, LLC is without sufficient information with which to form a belief as the truth or accuracy of the allegations of this Paragraph, and therefore denies them.

17. The 5-HOUR ENERGY Products are extensively and widely advertised through various media outlets, including network and cable television, radio, the internet, and traditional print. Since their introduction, the 5-HOUR ENERGY Products have received extensive news coverage by national, regional, and local print and broadcast media. Indeed, in 2009, Advertising Age Magazine recognized 5-HOUR ENERGY as one of *America's Hottest Brands.*

**ANSWER:** Vitamin Energy, LLC is without sufficient information with which to form a belief as the truth or accuracy of the allegations of this Paragraph, and therefore denies them.

18. As a result of Plaintiffs' efforts, the 5-HOUR ENERGY Products have defined the liquid energy shot market and are known within the industry for being of the highest quality. As the best-known liquid energy shot on the market, 5-HOUR ENERGY Products are sold in over 100,000 locations throughout the United States. Moreover, since the first sale in 2004, billions of 5-HOUR ENERGY Products have been sold in the United States.

8

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

**ANSWER:** Vitamin Energy, LLC is without sufficient information with which to form a belief as the truth or accuracy of the allegations of this Paragraph, and therefore denies them.

19.    As a result of Plaintiffs' efforts, they have accumulated considerable goodwill in their distinctive and famous 5-HOUR ENERGY Trademarks.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this Paragraph.

20.    As a result of continuous use, ubiquitous promotion, and extensive sales, Plaintiffs' 5-HOUR ENERGY Trademarks enjoy substantial recognition, fame, and notoriety throughout the United States and are recognized by the general and consuming public as emanating from Plaintiffs.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this Paragraph.

21.    Plaintiffs have consistently used their registered Trademarks in conjunction with the letter R enclosed by a circle and/or other indicia sufficient to provide notice of registration.

**ANSWER:** Vitamin Energy, LLC is without sufficient information with which to form a belief as the truth or accuracy of the allegations of this Paragraph, and therefore denies them.

22.    Examples of Plaintiffs' 5-HOUR ENERGY Products are shown below:

**ANSWER:**  Vitamin Energy, LLC is without sufficient information with which to form a belief as the truth or accuracy of the allegations of this Paragraph, and therefore denies them.

### B.   Defendant's Products and Activities

23.   Defendant markets, manufactures, distributes, offers for sale, sells, advertises, and promotes liquid energy shots and in commerce ("Defendant's Products").

**ANSWER:**  Admitted.

24.   In connection with Defendant's Products, Defendant uses words, terms, names, symbols, devices, and/or combinations, including 7 HOURS of ENERGY, that infringe upon and are confusingly similar to Plaintiffs' 5-HOUR ENERGY Trademarks.

**ANSWER:**  Vitamin Energy, LLC has described its products as having "up to 7 hour of energy" and "energy that lasts up to 7+ hours." Vitamin Energy, LLC denies the remaining allegations contained in this Paragraph.

25.   On information and belief, Defendant has also induced others to market, manufacture, distribute, offer for sale, sell, advertise, and promote liquid energy shots in commerce in connection with products and/or containers thereof that infringe upon and are confusingly similar to Plaintiffs' 5-HOUR ENERGY Trademarks.

**ANSWER:**  Vitamin Energy, LLC denies the allegations contained in this Paragraph.

26.   Defendant's activities constitute false designation of origin, false or misleading description of fact, and/or false or misleading representations of fact.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this

Paragraph.

27.    In a number of cases, courts and juries have consistently found that similar marks infringed Plaintiffs' Trademarks: (1) "6 HOUR ENERGY" and "up to 7 HOURS of ENERGY," *Innovation Ventures, LLC v. N2G Distrib.,* Case No. 08-CV-10983 (E.D. Mich.); and (2) "6 HOUR POWER", *Innovation Ventures, LLC v. N.V.E., Inc.,* Case No. 08-11867 (E.D. Mich.).

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this

Paragraph.

28.    Examples of Defendant's infringing and misleading uses of confusingly similar marks are shown below:

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this

Paragraph.

29.    On information and belief, Defendant are aware of Plaintiffs' 5-HOUR ENERGY Products and Trademarks.

**ANSWER:** Vitamin Energy, LLC admits it is aware of energy-shot products

that purport to provide users with five hours of energy. Vitamin Energy, LLC

denies the remaining allegations contained in this Paragraph.

30.    On information and belief, Defendant engaged in its infringing and misleading activities with actual knowledge and notice of Plaintiffs' 5-HOUR ENERGY Trademarks with the willful intent to cause confusion, cause mistake, and to deceive the public, consumers, and businesses as to the affiliation, connection, or association between Defendant's Products and Plaintiffs.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

11

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this

Paragraph.

31.   Defendant does not have, and never had, consent, license, approval or other authorization to use Plaintiffs' 5-HOUR ENERGY Trademarks in any manner.

**ANSWER:** Vitamin Energy, LLC admits it is not using 5-HOUR ENERGY or

any confusingly similar mark, and has not sought Plaintiffs' consent, license,

approval or authorization to do so.

32.   Defendant also advertises its product with a series of misleading and false statements, including false and misleading comparative advertising and claims that Defendant's products provide steroid-like athletic performance enhancement. Examples are shown below:

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this

Paragraph.

## IV.   CLAIMS FOR RELIEF

**A.   Count I: Trademark Infringement under 15 U.S.C. § 1114**

33.   Plaintiffs repeat and re-allege the allegations of paragraphs 1-32 as if fully set forth herein.

**ANSWER:** Vitamin Energy, LLC repeats and re-alleges its answers to the

preceding Paragraphs as if fully set forth herein.

34.   Plaintiffs own and possess full legal right to enforce the 5-HOUR ENERGY trademark with U.S. Registration No. 4,004,225, which is valid, registered, and uncontestable [sic].

**ANSWER:** Vitamin Energy, LLC is without sufficient information with which to form a belief as the truth or accuracy of the allegations of this Paragraph, and therefore denies them.

35.   Defendant's infringing activities, including those described herein, constitute willful infringement of Plaintiffs' exclusive rights in the 5-HOUR ENERGY trademark with U.S. Registration No. 4,004,225 in violation of federal trademark laws, including 15 U.S.C. § 1114.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this Paragraph.

36.   As willfully intended, Defendant's use of copies, reproductions, and colorable imitations of the 5-HOUR ENERGY trademark with U.S. Registration No. 4,004,225 is likely to cause, has caused, and continues to cause confusion, mistake, and deception concerning the source, sponsorship, or approval of Defendant's goods and services.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this Paragraph.

37.   Defendant's infringing activities will continue unless restrained and enjoined.

**ANSWER:** Vitamin Energy, LLC denies its activities are infringing any rights Plaintiffs may have.

38.   Defendant's infringing activities have directly and proximately caused and continue to cause irreparable and economic injury to Plaintiffs, including loss of good will, reputational harms, loss of business, loss of sales, loss of revenues, and loss of profits.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this Paragraph.

13

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

39.    Plaintiffs are entitled to compensatory damages, including expectation and consequential, non-pecuniary damages, pecuniary damages, exemplary damages, aggravated damages, restitutionary damages, nominal damages, Defendant's profits, and Plaintiffs' lost profits.

**ANSWER:**  Vitamin Energy, LLC denies the allegations contained in this

Paragraph.

40.    Monetary damages and other remedies at law are insufficient to fully compensate Plaintiffs for their injuries, and Plaintiffs are entitled to equitable relief, including preliminary and permanent injunctive relief.

**ANSWER:**  Vitamin Energy, LLC denies the allegations contained in this

Paragraph.

41.    Plaintiffs are entitled to have all of Defendant's infringing products and all related materials likely to cause confusion, mistake, and/or deception delivered up and destroyed.

**ANSWER:**  Vitamin Energy, LLC denies the allegations contained in this

Paragraph.

**B.    Count II: False and Misleading Descriptions and Designations of Affiliation, Connection, Association, Source, Sponsorship, and Approval under 15 U.S.C. § 1125(a)(1)(A)**

42.    Plaintiffs repeat and re-allege the allegations of paragraphs 1-41 as if fully set forth herein.

**ANSWER:**  Vitamin Energy, LLC repeats and re-alleges its answers to the

preceding Paragraphs as if fully set forth herein.

43.    As willfully intended, Defendant's false, misleading, confusing, and deceptive activities, including those described herein, constitute misleading descriptions that are likely to cause, have caused, and continue to cause confusion, mistake, and deception as to the affiliation connection,

14

association, source, sponsorship, and approval of Defendant's good or commercial activities.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this

Paragraph.

44.   Defendant's false, misleading, confusing, and deceptive activities will likely continue unless restrained and enjoined.

**ANSWER:** Vitamin Energy, LLC denies its activities are false, misleading,

confusing or deceptive.

45.   Defendant's false, misleading, confusing, and deceptive activities have directly and proximately caused and continue to cause irreparable and economic injury to Plaintiffs, including loss of good will, reputational harms, loss of business, loss of sales, loss of revenues, and loss of profits.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this

Paragraph.

46.   Plaintiffs are entitled to compensatory damages, including expectation and consequential, non-pecuniary damages, pecuniary damages, exemplary damages, aggravated damages, restitutionary damages, nominal damages, Defendant's profits, and Plaintiffs' lost profits.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this

Paragraph.

47.   Monetary damages and other remedies at law are insufficient to fully compensate Plaintiffs for their injuries, and Plaintiffs are entitled to equitable relief, including preliminary and permanent injunctive relief.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this

Paragraph.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

15

48.   Plaintiffs are entitled to have Defendant's infringing products and all related false, misleading, confusing, and/or deceptive materials delivered up and destroyed.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this

Paragraph.

**C.   Count III: False Advertising under 15 U.S.C. § 1125(a)(1)(B)**

49.   Plaintiffs repeat and re-allege the allegations of paragraphs 1-48 as if fully set forth herein.

**ANSWER:** Vitamin Energy, LLC repeats and re-alleges its answers to the

preceding Paragraphs as if fully set forth herein.

50.   As willfully intended, Defendant's false and misleading commercial advertising, including that which is described herein, misrepresents the nature, characteristics, and qualities of Defendant's Products and commercial activities.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this

Paragraph.

51.   Defendant's false and misleading commercial advertising will likely continue unless restrained and enjoined.

**ANSWER:** Vitamin Energy, LLC denies its activities are false and misleading.

52.   Defendant's false and misleading commercial advertising have directly and proximately caused and continue to cause irreparable and economic injury to Plaintiffs, including loss of good will, reputational harms, loss of business, loss of sales, loss of revenues, and loss of profits.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this

Paragraph.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

16

53.   Plaintiffs are entitled to compensatory damages, including expectation and consequential, non-pecuniary damages, pecuniary damages, exemplary damages, aggravated damages, restitutionary damages, nominal damages, Defendant's profits, and Plaintiffs' lost profits.

**ANSWER:**  Vitamin Energy, LLC denies the allegations contained in this Paragraph.

54.   Monetary damages and other remedies at law are insufficient to fully compensate Plaintiffs for their injuries, and Plaintiffs are entitled to equitable relief, including preliminary and permanent injunctive relief.

**ANSWER:**  Vitamin Energy, LLC denies the allegations contained in this Paragraph.

55.   Plaintiffs are entitled to have Defendant's false and misleading commercial advertising delivered up and destroyed.

**ANSWER:**  Vitamin Energy, LLC denies the allegations contained in this Paragraph.

**D.    Count IV: Common Law Trademark Infringement**

56.   Plaintiffs repeat and re-allege the allegations of paragraphs 1-55 as if fully set forth herein.

**ANSWER:**  Vitamin Energy, LLC repeats and re-alleges its answers to the preceding Paragraphs as if fully set forth herein.

57.   Plaintiffs were the first to use their 5-HOUR ENERGY Trademarks on a 2-ounce liquid shot product in commerce.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

**ANSWER:** Vitamin Energy, LLC is without sufficient information with which to form a belief as to the truth or accuracy of the allegations of this Paragraph, and therefore denies them.

58.   Plaintiffs have continuously used their Trademarks in commerce since their respective first uses.

**ANSWER:** Vitamin Energy, LLC is without sufficient information with which to form a belief as to the truth or accuracy of the allegations of this Paragraph, and therefore denies them.

59.   As a result of continuous and notorious use, Plaintiffs' Trademarks have become widely known and recognized by the public mind as a source identifier of Plaintiffs' products, have acquired immense good will, and are strongly associated with a reputation for quality and performance.

**ANSWER:** Vitamin Energy, LLC is without sufficient information with which to form a belief as to the truth or accuracy of the allegations of this Paragraph, and therefore denies them.

60.   As willfully intended, Defendant's use of copies, reproductions, and colorable imitations of the 5-HOUR ENERGY Trademarks are likely to cause, have caused, and continue to cause confusion, mistake, and deception concerning the source, sponsorship, and approval of Defendant's products and services.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this Paragraph.

61.   Defendant's infringing activities will likely continue unless restrained and enjoined.

18

**ANSWER:** Vitamin Energy, LLC denies its activities are infringing any rights Plaintiffs may have.

62. Defendant's infringing activities have directly and proximately caused and continue to cause irreparable and economic injury to Plaintiffs, including loss of good will, reputational harms, loss of business, loss of sales, loss of revenues, and loss of profits.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this Paragraph.

63. Plaintiffs are entitled to compensatory damages, including expectation and consequential, non-pecuniary damages, pecuniary damages, exemplary damages, aggravated damages, restitutionary damages, nominal damages, Defendant's profits, and Plaintiffs' lost profits.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this Paragraph.

64. Monetary damages and other remedies at law are insufficient to fully compensate Plaintiffs for their injuries, and Plaintiffs are entitled to equitable relief, including preliminary and permanent injunctive relief.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this Paragraph.

65. Plaintiffs are entitled to have Defendant's infringing products and all related materials likely to cause confusion, mistake, and/or deception delivered up and destroyed.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this Paragraph.

**E.     Count V: Indirect Trademark Infringement**

19

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

66.     Plaintiffs repeat and re-allege the allegations of paragraphs 1-65 as if fully set forth herein.

**ANSWER:** Vitamin Energy, LLC repeats and re-alleges its answers to the preceding Paragraphs as if fully set forth herein.

67.     Defendant has induced others to use, contributed to others' use of, and directed others under Defendant's control to use words, terms, names, symbols, devices, and/or combinations thereof in connection with goods and containers for goods in commerce that are likely to cause, have caused, and continue to cause confusion, mistake, and deception as to the affiliation, connection, association, source, sponsorship, and approval of Defendant's goods and commercial activities.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this Paragraph.

68.     As willfully intended, Defendant's actions sufficiently and necessarily caused and continuing to cause others to directly infringe Plaintiffs' 5-HOUR ENERGY Trademarks.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this Paragraph.

69.     Defendant's indirect infringement is likely to continue unless restrained and enjoined.

**ANSWER:** Vitamin Energy, LLC denies it is indirectly infringing and rights Plaintiffs may have.

70.     Defendant's indirect infringement has directly and proximately caused and continues to cause irreparable injury and economic injury to Plaintiffs, including loss of good will, reputational harms, loss of business, loss of sales, loss of revenues, and loss of profits.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

20

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this

Paragraph.

71.     Plaintiffs are entitled to compensatory damages, including expectation and consequential, non-pecuniary damages, pecuniary damages, exemplary damages, aggravated damages, restitutionary damages, nominal damages, Defendant's profits, and Plaintiffs' lost profits.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this

Paragraph.

72.     Monetary damages and other remedies at law are insufficient to fully compensate Plaintiffs for their injuries, and Plaintiffs are entitled to equitable relief, including preliminary and permanent injunctive relief.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this

Paragraph.

73.     Plaintiffs are entitled to have Defendant's infringing products and all related materials likely to cause confusion, mistake, and/or deception delivered up and destroyed.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this

Paragraph.

**F.      Count VI: Dilution under 15 U.S.C. § 1125(c)**

74.     Plaintiffs repeat and re-allege the allegations of paragraphs 1-73 as if fully set forth herein.

**ANSWER:** Vitamin Energy, LLC repeats and re-alleges its answers to the

preceding Paragraphs as if fully set forth herein.

75.     As willfully intended, Defendant's activities are likely to dilute, have diluted, and continue to dilute Plaintiffs' 5-HOUR ENERGY Trademarks

21

by 'blurring', as Defendant's activities are likely to cause, have caused, and continue to cause an association arising from the similarity between Defendant's Products and marks with Plaintiffs' 5-HOUR ENERGY Products and Trademarks, which impairs the 5-HOUR ENERGY Trademarks' distinctiveness and notoriety.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this

Paragraph.

76.     As willfully intended, Defendant's activities are likely to dilute, have diluted, and continue to dilute Plaintiffs' 5-HOUR ENERGY Trademarks by "tarnishment", as Defendant activities are likely to cause, have caused, and are causing an association between Defendant's Products and Plaintiffs' 5-HOUR ENERGY Trademarks, which harms and tarnishes the 5-HOUR ENERGY Trademarks, including the 5-HOUR ENERGY trademark with U.S. Registration No. 4,004,225.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this

Paragraph.

77.     Defendant's dilutive activities will likely continue unless restrained and enjoined.

**ANSWER:** Vitamin Energy, LLC denies its activities are dilutive.

78.     Defendant's dilutive activities directly and proximately caused and continue to cause irreparable and economic injury to Plaintiffs, including loss of good will, reputational harms, loss of business, loss of sales, loss of revenues, and loss of profits.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this

Paragraph.

79.     Plaintiffs are entitled to compensatory damages, including expectation and consequential, non-pecuniary damages, pecuniary damages, exemplary damages, aggravated damages, restitutionary damages, nominal damages, Defendant's profits, and Plaintiffs' lost profits.

22

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this

Paragraph.

80. Monetary damages and other remedies at law are insufficient to fully compensate Plaintiffs for their injuries, and Plaintiffs are entitled to equitable relief, including preliminary and permanent injunctive relief. Nevertheless, Plaintiff is entitled to an injunction under 15 U.S.C. § 1125(c)(5).

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this

Paragraph.

81. Plaintiffs are entitled to have Defendant's infringing products and all related materials likely to cause confusion, mistake, and/or deception delivered up and destroyed.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this

Paragraph.

**G.  Count VII: Unfair Competition under MCL § 445.903**

82. Plaintiffs repeat and re-allege the allegations of paragraphs 1-81 as if fully set forth herein.

**ANSWER:** Vitamin Energy, LLC repeats and re-alleges its answers to the

preceding Paragraphs as if fully set forth herein.

83. As willfully intended, Defendant has engaged in unfair, unconscionable, and deceptive acts and practices, including those described herein, in the conduct of trade and commerce that have a probability of confusion and misunderstanding as to the source, sponsorship, approval, and certification of Defendant's Products.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this

Paragraph.

23

84.   Defendant's unfair, unconscionable, and deceptive acts will continue unless restrained and enjoined.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this Paragraph.

85.   Plaintiffs are entitled to compensatory damages, including expectation and consequential, non-pecuniary damages, pecuniary damages, exemplary damages, aggravated damages, restitutionary damages, nominal damages, Defendant's profits, and Plaintiffs' lost profits.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this Paragraph.

86.   Defendant's unfair, unconscionable, and deceptive acts have directly and proximately caused and continue to cause irreparable injury and economic injury to Plaintiffs, including loss of good will, reputational harms, loss of business, loss of sales, loss of revenues, and loss of profits.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this Paragraph.

87.   Monetary damages and/or other remedies at law are insufficient to fully compensate Plaintiffs for their injuries, and Plaintiffs are entitled to equitable relief, including preliminary and permanent injunctive relief.

**ANSWER:** Vitamin Energy, LLC denies the allegations contained in this Paragraph.

## <u>AFFIRMATIVE DEFENSES</u>

1.   Plaintiffs have failed to state a claim on which relief can be granted.

24

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

2.     Plaintiffs' alleged mark is descriptive and inherently weak, and as such, is not enforceable as a trademark.

3.     Plaintiffs' claims are barred in whole or in part by laches.

4.     Plaintiffs' claims are barred in whole or in part by equitable estoppel.

5.     Plaintiffs' claims are barred in whole or in part because Plaintiffs come before the court with unclean hands including, but not limited to, having engaged in trademark misuse.

6.     Plaintiffs' claims are barred in whole or in part because Defendant's use of "up to 7 hour of energy" and "energy that lasts up to 7+ hours" constitutes non-trademark usage.

7.     Plaintiffs' claims are barred in whole or in part because Defendant's use of "up to 7 hour of energy" and "energy that lasts up to 7+ hours" are fair uses.

8.     Defendant reserves the right to assert additional defenses that may become known during the course of these proceedings, up to and through the date of any trial.

## PRAYER FOR RELIEF

1.     The Court enter judgment for Defendant Vitamin Energy, LLC and against Plaintiffs on all Counts;

IDETROIT\000150658\0001\1994744.v1-10/7/19

2.      Plaintiffs be required to pay Defendant Vitamin Energy, LLC its costs and reasonable attorney fees incurred in this action pursuant to applicable federal and state law; and

3.      Defendant Vitamin Energy, LLC be awarded such other relief as the Court deems just and proper.

**JURY TRAIL DEMANDED**

Defendant Vitamin Energy, LLC respectfully demands a trial by jury on all claims and issues so triable.

DATED:  October 7, 2019                    **BUTZEL LONG PC**

By:  */s/ George T. Schooff*

George T. Schooff (P45596)
150 West Jefferson, Suite 100
Detroit, Michigan 48226
schooff@butzel.com
Telephone: (313) 225-7000
Attorney for Defendant

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

IDETROIT\000150658\0001\1994744.v1-10/7/19

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2019, my assistant electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties and counsel of record.

**BUTZEL LONG PC**

*/s/ George T. Schooff*
George T. Schooff (P45596)

Counsel for Defendant

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

27