UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**INTERNATIONAL IP HOLDINGS, LLC**, a Michigan limited liability company, and **INNOVATION VENTURES, LLC**, a Michigan limited liability company,

        Plaintiffs,

v.

**VITAMIN ENERGY, LLC**, a Delaware limited liability company,

        Defendant.
_____/

CASE NO. 19-11716
HON. DENISE PAGE HOOD

## ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [#14] AND GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT [#19]

**I.    PROCEDURAL BACKGROUND**

This matter comes before the Court on Plaintiff's Motion for Leave to File Amended Complaint, filed on November 27, 2019. [ECF No. 19] Plaintiffs filed their Complaint on June 10, 2019. [ECF No. 1] Defendant filed a Motion for Judgment on the Pleadings on November 7, 2019.[1] [ECF No. 14] On November 18, 2019, the Court entered a Scheduling Order setting a deadline for initial

---

[1] The Court notes that Defendant filed its 12(c) motion after filing an answer. Had Defendant filed a 12(b)(6) motion, Plaintiffs presumably could have filed an Amended Complaint as a matter of right within the 21-day period.

1

disclosures of December 2, 2019 and a discovery deadline of June 1, 2020. [ECF No. 17] On December 20, 2019, the Court entered an Order, which stayed all Discovery pending the Court's ruling on Defendant's Motion for Judgment on the Pleadings and Plaintiffs' Motion for Leave to File an Amended Complaint. [ECF No. 30]

## II. ANALYSIS

### A. Applicable Standard

In a case where a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Defendant does not concur in Plaintiffs' motion, so it is within the Court's discretion whether to grant Plaintiffs' motion for leave to file an amended complaint. The factors a court is to consider when determining whether to permit a plaintiff to file an amended complaint are:

(1) the delay in filing the motion,
(2) the lack of notice to the other party,
(3) bad faith by the moving party,
(4) repeated failure to cure deficiencies by previous amendments,
(5) undue prejudice to the opposing party, and
(6) futility of the amendment.

*Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001); *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). A district court

2

may deny a plaintiff leave to amend his complaint when the proposed amendment would be futile. *See, e.g.*, *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). An amendment is deemed futile when it would not withstand a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000).

**B. Analysis**

Defendant does not argue that the Motion to Amend should be denied because Plaintiffs: (1) delayed in filing the motion; (2) failed to provide notice; (3) engaged in bad faith; or (4) failed to cure deficiencies in prior amendments. Defendant does not suggest that it would suffer undue prejudice if the Motion to Amend was granted. Defendant argues only that the proposed amendment is futile.

To support this argument, Defendant asserts that issue preclusion applies because of the Sixth Circuit's ruling in *Innovation Ventures, LLC v. N2G Distrib.*, 763 F.3d 524 (6th Cir. 2014). Issue preclusion applies when: (1) an issue was raised and actually litigated in the prior proceeding; (2) the issue's determination was necessary to the outcome; (3) the prior proceeding resulted in a final judgment on the merits; and the party against whom estoppel is sought had a full and fair opportunity to litigate the issue in the prior proceeding. *Georgia-Pacific Consumers Prods. v. Four-UPackaging, Inc.*, 701 F.3d 1093, 1098 (6th Cir.

3

2012).

Defendant specifically argues that Plaintiffs have repeatedly cited to *N2G Distrib.* to support their claims and should be bound by the Sixth Circuit's affirmation of the jury verdict. Since the Sixth Circuit found in *N2G Distrib.* that a similar bottle featuring the inscription "up to 7 hours of energy" did not infringe on Plaintiffs' trademark, Defendant contends that *N2G Distrib.* establishes that there are no uses of "up to 7 hours of energy" that constitute a potential trademark infringement.

The Court finds Defendant's interpretation of *N2G Distrib.* misleading. As Plaintiffs indicate, the Sixth Circuit only upheld one jury verdict stating that a bottle listing "up to 7 hours of energy" was *not* a trademark infringement. *Id.* at 531. The Sixth Circuit upheld another verdict that found two bottles with the same inscription, "up to 7 hours of energy" did infringe upon Plaintiffs' trademark. *Id.*

The Sixth Circuit discussed three differences between the two parties' contested products in *N2G Distrib.* The three differences were the number preceding "Hour" and "Energy," the use of a "+" on some of the defendants' products, and the fact that some of the defendants' products used the plural form of "Hours." *N2G Distrib.*, 763 F.3d at 535. Although courts may consider "discrete differences" between products, a court ruling on trademark infringement must ultimately "view marks in their entirety and focus on their overall impressions, not

4

individual features." *Id.* (quoting *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 283 (6th Cir. 1997)).

To further support their argument, Plaintiffs assert that the precise issue raised in the instant case was not raised and actually litigated in *N2G Distrib.*, which shows that issue preclusion cannot be established. *See Rybarczyk v. TRW, Inc.*, 235 F.3d 975, 982 (6th Cir. 2000); *see also Kennedy v. Comm'r*, 876 F.2d 1251, 1257 (6th Cir. 1989) (quoting *Montana v. United States*, 440 U.S. 147 (1979)). Plaintiffs assert that *N2G Distrib.* involved different bottles and market place contexts. Plaintiffs further argue that *N2G Distrib.* did not review the strength of Plaintiffs' mark in 2018 when Defendant's alleged infringement began and that *N2G Distrib.* did not involve Plaintiff's 5-HOUR ENERGY® Registered Trademark.

Plaintiffs also argue that Courts "have regularly rejected assertions of collateral estoppel in the context of likelihood of confusion" cases. [ECF No. 31, Pg.ID 826] Plaintiffs assert that the likelihood of confusion analysis is a fact-intensive inquiry that differs from *N2G Distrib.*, where the court examined different bottles, different marketplace contexts and different defendants to conclude that two of the contested bottles did infringe upon the plaintiff's trademark. *See also, e.g.*, *Levi Strauss & Co. v. Blue Bell, Inc.*, 208 U.S.P.Q. (BNA) (473), 1980 U.S. Dist. LEXIS 16398, at *15 (N.D. Cal. Mar. 24, 1980);

*RE/MAX Int'l, Inc. v. Equity Maz Realty, Inc.*, Case No. 06cv1345, 2007 U.S. Dist. LEXIS 24713 (S.D. Cal. Apr. 3, 2017). The eight factors for the likelihood of confusion analysis are:

> (1) the strength of the plaintiff's mark, (2) the relatedness of the goods or services offered by the plaintiff and the defendant, (3) the similarity of the marks, (4) any evidence of actual confusion, (5) the marketing channels used by the parties, (6) the probable degree of purchaser care and sophistication, (7) the defendant's intent in selecting its mark, and (8) the likelihood of either party expanding its product line using the marks.

*N2G Distrib.*, 763 F. 3d at 534.

Plaintiffs further contrast the instant case from *N2G Distrib.* by stating that their mark is "significantly stronger" now than it was a decade ago and is essentially "famous." [ECF No. 31, Pg.ID 826] Plaintiffs argue that "[c]ollateral estoppel is no defense when the controlling facts have changed in between the first and second suits." *First Nat'l Bank S.D.*, 679 F.3d 763, 768 (8th Cir. 2012); *see also Mayer/Berkshire Corp. v. Berkshire Fashions, Inc.*, 423 F.3d 1229, 1234 (Fed. Cir. 2005).

Plaintiffs next argue that Defendant's use of the phrase "up to 7 HOURS of ENERGY" is not a descriptive fair use, but an infringing trademark use. In response, Defendant argues that "works up to 7 Hours" is only descriptive and not an infringement. Plaintiffs respond by explaining that they highlight the two different phrases to illustrate that the "up to" phrase is an infringement and that Defendant has provided no support to show that its product actually "works up to

7 Hours." [ECF No. 31, Pg.ID 827] As Plaintiffs note, *N2G Distrib.* held that a lack of support is enough for a "jury to draw the inferences that Defendants were not simply describing their product." 763 F.3d at 537.

Plaintiffs further argue that Defendant knew of Plaintiffs' protected mark prior to creating its own advertisements, which is enough for a jury to find trademark infringement. *See id.* (finding that "circumstantial evidence suggesting that Defendants knew of Plaintiff's protected mark and proceeded to copy it" is sufficient for a jury to find trademark use).

Plaintiffs also assert that one of Defendant's cited cases, *Kassa v. Detroit Metro Convention & Visitors Bureau* is inapplicable. 672 Fed. Appx. 575 (6th Cir. 2017). In *Kassa*, the contested phrase, "Welcome to the D," was not used with prior knowledge of plaintiff's trademark rights and did not promote any goods or services. *Id.* at 576. The Court agrees and finds *Kassa* inapplicable to the instant case.

The Court finds that Plaintiffs have submitted enough controlling caselaw to support their arguments and respond to Defendant's claim of futility. The Court **GRANTS** Plaintiffs' Motion for Leave to File an Amended Complaint.

As for Defendant's Rule 12(c) motion, it is well-settled that an amended complaint supersedes the original complaint and renders the initial pleading a nullity. *B & H Medical, L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 268 (6th Cir.

2008). Courts in this Circuit and others will deny Rule 12 motions as moot after a plaintiff subsequently files an amended complaint. Defendant's Motion for Judgment on the Pleadings is directed at Plaintiffs' original Complaint. Therefore, upon the filing of the proposed amended complaint, Defendant's Motion for Judgment on the Pleadings will be **DENIED** as moot and without prejudice to present any and all issues raised in the Rule 12(c) motion in a subsequent dispositive motion.

For the reasons set forth above,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to File an Amended Complaint [#19] is **GRANTED**.

IT IS FURTHER ORDERED that Defendant's Motion for Judgment on the Pleadings [#14] is **DENIED** as **MOOT** without prejudice.

s/Denise Page Hood
Chief Judge, United States District

DATED: April 7, 2020