# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**INTERNATIONAL IP HOLDINGS, LLC,**
**et al.,**

       **Plaintiffs,**

**v.**

**VITAMIN ENERGY, INC.,**

       **Defendant.**

_____/

**Case No. 19-11716**

**Hon. Denise Page Hood**

## ORDER GRANTING MOTION TO DISMISS [ECF No. 43] AND DENYING MOTION TO AMEND COUNTERCLAIM [ECF No. 49]

## I.   BACKGROUND

### A. Procedural History

The instant matter involves Plaintiffs International IP Holdings, LLC and

Innovation Ventures, LLC (collectively "Innovation Ventures" or "Plaintiffs")

Complaint against Defendant Vitamin Energy, Inc. f/k/a Vitamin Energy, LLC

("Defendant" or "Vitamin Energy"), which alleges various violations of trademark

infringement and unfair competition law. The specific matter before the Court is

Plaintiffs' Motion to Dismiss Defendant's Counterclaim [ECF No. 43] and

Defendant's Motion for Leave to Amend its Counterclaim. [ECF No. 49]

On June 10, 2019, Plaintiffs filed a seven-count complaint against Defendant alleging: (a) Trademark Infringement under 15 U.S.C. § 1114 (Count I); (b) False and Misleading Descriptions and Designations of Affiliation, Connection, Association, Source, Sponsorship, and Approval under 15 U.S.C § 1125(a)(1)(A) (Count II); (c) False Advertising under 15 U.S.C. § 1125 (a)(1)(B) (Count III); (d) Common Law Trademark Infringement (Count IV); (e) Indirect Trademark Infringement (Count V); (f) Dilution under 15 U.S.C. § 1125(c) (Count VI); and (g) Unfair Competition under MCL § 445.903 (Count VII).  [ECF No. 1]

On May 14, 2020, Defendant filed a Counterclaim alleging false advertising against Plaintiffs under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) based on various, allegedly misleading advertisements.  [ECF No. 41]  On June 4, 2020, Plaintiffs filed a Motion to Dismiss Defendant's Counterclaim under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  [ECF No. 43]  Defendant's filed a Response on June 29, 2020. [ECF No. 46] Plaintiff's filed their Reply on July 13, 2020. [ECF No. 48]

In their Motion to Dismiss, Plaintiffs argue that Defendant lacks standing to assert claims against advertisements that were run and discontinued years before Vitamin Energy was formed.  Plaintiffs also contend that Defendant cannot plead facts asserting that it suffered harm or threat of harm from any conduct described

in the Counterclaim, and therefore, fails to state a claim upon which relief can be granted.

Also before the Court is Defendant's Motion for Leave to Amend Counterclaim, which was filed on July 28, 2020.  [ECF No. 49] On August 11, 2020, Plaintiffs filed their Response. [ECF No. 52] Defendant filed a Reply on August 18, 2020. [ECF No. 55] A hearing was held on the matters before the Court.

### B. FACTUAL BACKGROUND

Plaintiffs International IP Holdings, LLC and Innovation Ventures, LLC are both Michigan companies.  International IP Holdings, LLC is the owner of the intellectual property in connection with 5-HOUR ENERGY products.  Innovation Ventures, LLC is the exclusive licensee of the intellectual property rights regarding 5-HOUR ENERGY products.  [ECF No. 1, Pg.ID 2, ¶ 1]  Innovation Ventures owns and possesses full legal rights to enforce a family of trademarks that are used in connection with the marketing and sale of 5-HOUR ENERGY branded products.  [*Id.* at Pg.ID 4, ¶ 11]  Many of the 5-HOUR ENERGY Trademarks have received federal registrations.  Plaintiffs use the 5-HOUR ENERGY Trademarks in relation to advertising, distribution, and sale of various products including 5-HOUR ENERGY branded dietary supplements, commonly categorized as "liquid energy shots" ("5-HOUR ENERGY Products").  [*Id.* at Pg.ID 5, ¶ 15]

Initially named Defendant Vitamin Energy, LLC was a Delaware company that began selling VITAMIN ENERGY brand energy shots in 2017. [ECF No. 41, Pg.ID 1023, ¶ 7] Vitamin Energy uses words and symbols, such as 7 HOURS of ENERGY in its advertising. [ECF No. 1, Pg.ID 8, ¶ 28] Plaintiffs assert that Defendant's products and containers are similar to Plaintiffs' 5-HOUR ENERGY trademarks. Defendant does not have consent, license, or approval to use Plaintiffs' 5-HOUR ENERGY Trademarks in any manner. [*Id.* at Pg.ID 9, ¶ 31]

Over the years, Innovation Ventures produced a series of ad campaigns[1] promoting the 5-HOUR ENERGY products. In one ad campaign, Plaintiffs state that 73% of doctors recommend 5-HOUR ENERGY shots ("Ask Your Doctor Ad Campaign"). [ECF No. 41, Pg.ID 1025-35] In another advertisement, Innovation Ventures states that the energy in a 5-HOUR ENERGY shot lasts longer than three or four cups of coffee ("Construction Cowboy Ad Campaign"). [*Id.*] Another advertisement asserts that 5-HOUR ENERGY shots are superior to coffee because its ingredients work alongside caffeine to make the biochemical or psychological effects last longer than caffeine alone ("Superior to Coffee Ad Campaign"). [*Id.*] Finally, one ad campaign states that consuming 5-HOUR ENERGY shots will "recharge your batteries all the way back to 100%, fast." ("Back to 100% Energy

---

[1] The full slate of contested advertisements consist of (1) "Ask Your Doctor;" (2) "Construction Site Cowboy;" (3) "Superior to Coffee;" also known as "Choose Wisely;" (4) "Other Ingredients for Energy Ad Campaign;" (5) "the Decaf Ad Campaign;" (6) "Back to 100%;" and (7) Plaintiff's use of the 5-hour ENERGY® trademark. [ECF No. 52, Pg.ID 1286-87]

4

Ad Campaign"). [*Id.*] Plaintiffs also manufactured and advertised a decaf version of their 5-HOUR ENERGY shots that have since been discontinued. [*Id.*]

## II.   ANALYSIS

### A. Motion to Dismiss Standard

Plaintiffs bring a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *Acad. of Doctors of Audiology v. Int'l Hearing Soc'y*, 237 F. Supp. 3d 644, 650 (E.D. Mich. 2017). Their motion challenges Vitamin Energy's standing to bring this action and asserts that Defendant fails to state a claim upon which relief may be granted.

"Standing is, of course, a threshold requirement for federal jurisdiction. If a party does not have standing to bring an action, then the court has no authority to hear the matter and must dismiss the case." *Binno v. American Bar Assoc.*, 826 F.3d 338, 344 (6th Cir. 2016). This Court considers "the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if this court lacks subject matter jurisdiction." *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017).

As explained by the Sixth Circuit, subject-matter-jurisdiction challenges under Fed. R. Civ. P. 12(b)(1) come in two varieties: a facial attack and a factual attack. *Id.* A facial attack—like the one Innovation Ventures makes in its motion—"questions merely the sufficiency of the pleading." *Id.* When reviewing

such a facial attack, a district court takes the factual allegations in the complaint as true, just as in a Rule 12(b)(6) motion. *Id.* Therefore, in reviewing Innovation Ventures challenge to standing, this Court considers only Vitamin Energy's Counterclaim and its exhibits. *Id.*; *Binno*, 826 F.3d at 344.

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is deemed facially plausible when the complaint includes factual content allowing for the court to draw a reasonable inference that the stated party is liable for the misconduct asserted. *Iqbal*, 556 U.S. at 679. This plausibility standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

To state a cause of action for false or misleading advertising under the Lanham Act, a plaintiff must establish the following:

> 1) the defendant has made false or misleading statements of fact concerning his own product or another's; 2) the statement actually or tends to deceive a substantial portion of the intended audience; 3) the statement is material in that it will likely influence the deceived consumer's purchasing decisions; 4) the advertisements were

introduced into interstate commerce; and 5) there is some causal link between the challenged statements and harm to the plaintiff.

*Am. Council of Certified Podiatric Physicians & Surgeons v. Am. Bd. of Podiatric Surgery, Inc.*, 185 F.3d 606, 613 (6th Cir. 1999); *Herman Miller, Inc. v. Palazzetti Imports and Exports, Inc.*, 270 F.3d 298, 323 (6th Cir. 2001) (same).

### B. Rule 15(a)

When a responsive pleading has been filed, a party may amend its pleading only with the written consent of the opposing party or by leave of the Court. Fed. R. Civ. P. 15(a)(2). Pursuant to Rule 15(a)(2), "leave shall be freely given when justice so requires." Factors the Court may consider in determining whether to permit a party to amend its pleadings include: (1) undue delay in filing, (2) lack of notice to the opposing party, (3) bad faith by the moving party, (4) repeated failure to cure deficiencies by previous amendments, (5) undue prejudice to the opposing party, and (6) futility of amendment. *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989) (citing *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986)). An amendment is considered futile when it would not survive a motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000). In such cases, "[a] district court may deny a motion to leave to amend his complaint when the proposed amendment would be futile." *See, e.g.*, *Hart v. Hillsdale*, 2017 WL 1250797, at *2 (E.D. Mich. 2017).

### C. Motion to Dismiss

### 1. Rule 12(b)(1) Subject Matter Jurisdiction

Article III standing requires that Vitamin Energy suffered or be imminently

threatened with a concrete and particularized "injury in fact" that is fairly traceable

to the challenged action of Innovation Ventures.  Defendant must also show that

the "injury in fact" is likely to be redressed by a favorable judicial decision.  *Lujan*

*v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Federal courts only have the

power that is authorized by Article III of the Constitution and the statutes enacted

by Congress.  *Loren v. Blue Cross & Blue Shield*, 505 F.3d 598, 606 (6th Cir.

2007).  Vitamin Energy must possess both constitutional and statutory standing in

order for a federal court to have jurisdiction over this claim.  *Id.*

To establish standing under the Lanham Act, Vitamin Energy must establish

that: (1) it is within the "zone of interests" protected by the Act, and (2) its injuries

were proximately caused by Innovation Ventures' violation of the Act.  *Lexmark*

*Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 140 (2014).  To come

within the "zone of interests" in a suit for false advertising under the Lanham Act,

Vitamin Energy must allege "an injury to a commercial interest in reputation or

sales." *Id.* at 129-132.  A plaintiff suing under the Lanham Act must show

economic or reputational injury flowing directly from the deception of the

defendant's advertising; and that the injury occurs when deception of consumers causes them to withhold trade from the plaintiff.  *Id.* at 133.

Vitamin Energy is within the "zone of interests" because it asserts Plaintiffs' false and/or misleading advertisements influenced consumers' purchasing decisions, resulting in both economic and reputational injury to Defendant.  [ECF No. 41, ¶¶ 67-70]  Although Vitamin Energy falls within the "zone of interests," Plaintiffs argue that Defendant cannot establish proximate causation because the advertisements asserted in the Counterclaim stopped running five years before Vitamin Energy existed.  Plaintiffs further contend that Defendant cannot obtain injunctive relief because the discontinued advertisements do not pose the "actual present harm or a significant possibility of future harm" necessary to establish standing.  *National Rife Ass'n v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997).

This is true of all but one of the advertising campaigns which are the subject of Vitamin Energy's Counterclaim.  Plaintiffs fail to address the "Get Back to 100% Energy" Ad Campaign.  According to Defendant, even if Plaintiffs did discontinue running some subset of the advertisements alleged in Vitamin Energy's Counterclaim, another subset continues to run.  Notably, several commercials of the "Back to 100% Energy" ad campaign are currently posted on 5-HOUR ENERGY's YouTube channel.  Innovation Ventures 12(b)(1) motion disregards Vitamin Energy's assertions that Plaintiffs' continued use and

promotion of the "5-HOUR ENERGY" mark is misleading.  Defendant has

standing to bring a complaint regarding the phrase "5-HOUR ENERGY" and

Plaintiffs' "Get Back to 100% Energy" ad campaign.

Based on the above, the Court denies Plaintiffs' Fed. R. Civ. P. 12(b)(1)

Motion to Dismiss the Counterclaim for lack of subject matter jurisdiction.

### 2.  Rule 12(b)(6) Failure to State a Claim under the Lanham Act

The Court must now determine whether Vitamin Energy satisfied all the

elements required to state a cause of action for false or misleading advertising

under Section 43(a) of the Lanham Act.  The elements are as follows:

> 1) the defendant has made false or misleading statements of fact
> concerning his own product or another's; 2) the statement actually or
> tends to deceive a substantial portion of the intended audience; 3) the
> statement is material in that it will likely influence the deceived
> consumer's purchasing decisions; 4) the advertisements were
> introduced into interstate commerce; and 5) there is some causal link
> between the challenged statements and harm to the plaintiff.

*Certified Podiatric Physicians & Surgeons*, 185 F.3d at 613; *Herman Miller*, 270

F.3d at 323 (same).

Defendant may satisfy the first element of its Lanham Act claim—that

Innovation Ventures has made false or misleading statements of fact concerning its

own product—in one of two ways.  First Defendant may demonstrate that the

challenged statements are "literally false."  *Certified Podiatric Physicians*, 185

F.3d at 614.  "Where statements are literally false, a violation may be established

without evidence that the statements actually misled consumers. Actual deception is presumed." *Id.*  Alternatively, Vitamin Energy may show that the statements are "true yet misleading or confusing." *Id.*  "Where statements are literally true, yet deceptive, or too ambiguous to support a finding of literal falsity, a violation can only be established by proof of actual deception (*i.e.*, evidence that individual consumers perceived the advertisement in a way that misled them about the [] product)." *Id.*

Vitamin Energy's Counterclaim asserts that the advertisements and claims made in various 5-HOUR ENERGY commercials are literally false and/or misleading.  [ECF No. 41, Pg.ID 1038, ¶ 69]  When "analyzing whether an advertisement or product name is literally false, a court must determine, first, the unambiguous claims made by the advertisement or product name, and second, whether those claims are false." *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 586 (3d Cir. 2002).  "Only an unambiguous message can be literally false." *Innovation Ventures, LLC v. N.V.E., Inc.*, 694 F.3d 723, 737 (6th Cir. 2012) (quoting *Novartis*, 290 F.3d at 587).

A "literally false" message may be either explicit or "conveyed by necessary implication when, considering the advertisement in its entirety, the audience would recognize the claim as readily as if it had been explicitly stated." *Novartis*, 290 F.3d at 586-87.  Further, "[t]he greater the degree to which a message relies upon

the viewer or consumer to integrate its components and draw the apparent

conclusion . . . the less likely it is that a finding of literal falsity will be supported."

*Id.* at 736 (quoting *Novartis*, 290 F.3d at 587).  Finally, in evaluating a claim of

literal falsity, the Court must determine whether the allegedly false message "will

necessarily and unavoidably be received by the consumer."  *Novartis*, 290 F.3d at

588.  Where statements are literally false, "a violation may be established without

evidence that the statements actually misled consumers."  *Certified Podiatric*

*Physicians*, 185 F. 3d at 614 (citing *Johnson & Johnson, Inc. v. GAC Int'l, Inc.*,

862 F. 2d 975, 977 (2d Cir. 1998)).

> In determining whether Defendant satisfied the first element of the Lanham

Act, the Court analyzes the advertisements that do not predate Vitamin Energy's

existence, which are the "Back to 100% Energy" ad campaign and the "5-HOUR

ENERGY" phrase.  Plaintiffs' "Back to 100% Energy" ad Campaign explicitly

states that 5-HOUR ENERGY shots restore consumers energy back to "100%."

Absent ambiguity, these commercials make unsupported claims about 5-HOUR

ENERGY products.  Therefore, the "Back to 100% Energy" commercials are

"literally false", and a violation may be established without evidence that the

statements actually misled consumers.

> If the Court finds the "Back to 100% Energy" Ad Campaign, or any other

advertisement asserted in Defendant's Counterclaim, is not literally false but rather

deceptive, then Vitamin Energy must plausibly allege that the advertisement actually deceives, or has a tendency to deceive, "a substantial portion of the intended audience." *Certified Podiatric Physicians*, 185 F.3d at 616.  Alleged deceptiveness of an advertisement is analyzed under the "reasonable consumer" standard.  *Wysong Corp. v. APN, Inc.*, 266 F. Supp. 3d 1058, 1070 (E.D. Mich. 2017) (citing *Pernod Ricard USA LLC v. Bacardi, U.S.A., Inc.*, 653 F.3d 241, 250 (3d Cir. 2011).  Courts applying that standard must rely on their "judicial experience," *Id.* (citing *Sensible Foods, LLC v. World Gourmet, Inc.*, 2012 WL 566304 at *6 (N.D. Cal. Feb. 21, 2012)), and their "common sense."  *Id.* (citing *Pernod Ricard*, 653 F.3d at 252 n.12).  Finally, when "determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial."  *Id.* (citing *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013)).

"[W]hether an advertisement is deceptive is generally a question of fact which requires consideration and weighing of evidence from both sides and therefore usually cannot be resolved through a motion to dismiss." *Id.* (citing *Blue Buffalo Co.*, 2016 WL 3227676, at *2)  However, resolution of a false advertising case on a motion to dismiss is not always inappropriate. "Courts will dismiss false advertising and similar claims when, construing the factual allegations in the light most favorable to the plaintiff, the challenged advertising statements would not

plausibly deceive a reasonable consumer." *Id.* In analyzing the "Back to 100% Energy" commercials or the use of the "5-HOUR ENERGY" phrase in the light most favorable to Vitamin Energy, the Court finds that a reasonable consumer could be deceived by the context of the statements and images in these advertisements.

To satisfy the fifth element of a Lanham Act claim, Defendant must show there is some causal link between the challenged advertisement and harm to Vitamin Energy. *Certified Podiatric Physicians*, 185 F.3d at 613. *Herman Miller,* 270 F.3d at 323. This element asks whether Innovation Ventures' deception of consumers caused harm to Vitamin Energy. *Id.* at 614.

Plaintiffs claim that Defendant's Counterclaim is conclusory and that the Counterclaim "has asserted only conclusory allegations and speculative harm to third parties—not the actual harm to Vitamin Energy's product required under the Lanham Act." [ECF No. 48, Pg.ID 1139] Defendant contends that it adequately pleaded the economic harm that Defendant has suffered as a "direct and proximate result of Plaintiffs' false and misleading advertising." [ECF No. 49, Pg.ID 1152] Defendant asserts that the economic harm specifically manifested itself in the "loss of good will, reputational harm, loss of business, loss of sales, loss of revenues, and loss of profits." [ECF No. 41, Pg.ID 1038]

Defendant describes a hypothetical scenario where an exhausted truck driver, in reliance on Innovation Ventures' deceptive advertising, consumes a 5-HOUR ENERGY shot under the impression that his/her energy will be immediately restored to 100% for the long drive ahead.  Plaintiffs argue, and the Court finds, Defendant fails to make any connection between harm to the hypothetical driver and actual harm to Vitamin Energy.

Beyond this hypothetical, Defendant's Counterclaim asserts that Innovation Ventures' false advertising influenced consumers' purchasing decisions, which directly caused and will continue to cause both reputational and economic injury to Vitamin Energy.  [ECF 41. at Pg.ID 1038, ¶¶ 67-73]  Plaintiffs argue that Vitamin Energy cannot have suffered harm from advertisements which predate its existence.  However, as explained above, not all of the advertisements were discontinued before Vitamin Energy began selling their products. Specifically, the "Back to 100% Energy" campaign continues to run on 5-HOUR ENERGY's YouTube channel.

Although Defendant's Counterclaim points to relevant advertisements, it still fails to establish a causal link between Plaintiffs' false or misleading advertising and harm to Vitamin Energy.  *Herman Miller*, 270 F.3d at 323.  Vitamin Energy's claim fails to allege facts connecting Plaintiffs' false advertising's influence on consumers and any economic and reputational harm suffered by Defendant.

While the Court takes the nonmovant's allegations in the complaint as true, "the Court should first identify any conclusory allegations and bare assertions that are not entitled to an assumption of truth, then consider the factual allegations that are entitled to a presumption of truth and determine if they plausibly suggest entitlement to relief." *Tate v. GM LLC*, 2011 U.S. Dist. LEXIS 148231, at *4 (E.D. Mich. Dec. 27, 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  The conclusory nature of the allegations does not entitle Vitamin Energy to the presumption of truth.  *Ashcroft*, 556 U.S. at 681.

Ultimately, Vitamin Energy's Counterclaim does not contain factual allegations sufficient to establish a causal link between Innovation Ventures' alleged false advertisements and harm to Vitamin Energy. The Court grants Plaintiffs' Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief may be granted under the Lanham Act.

### D. Motion for Leave to Amend Under Rule 15(a)

Although Defendant contends that its original Counterclaim is sufficient, Defendant seeks leave to amend its Counterclaim to be even more specific. Defendant's proposed amendments plead that each of Plaintiffs' advertisements has harmed Defendant "in the form of lost sales of Vitamin Energy's VITAMIN ENERGY® brand energy shots." [ECF No. 49, Pg.ID 1153]  The proposed amendment further specifies that Defendant's lost sales are because of Plaintiffs'

advertisements, which create a misleading and false impression that Plaintiffs' 5-hour ENERGY shots are superior to Defendant's VITAMIN ENERGY® brand energy shots.  [*Id.*]  Because of Plaintiffs' advertisements, Defendant alleges that "a substantial portion of the intended audience may purchase [Plaintiffs'] 5-hour ENERGY shots instead of Vitamin Energy's VITAMIN ENERGY® brand energy shots."  [*Id.*]

In this case, Plaintiffs have not argued that they will be prejudiced by the proposed amendment, nor is there a dispute that Plaintiffs did not have notice of the proposed amendment; Defendant has not previously tried to cure substantive deficiencies; and there is no evidence of bad faith by Defendant.  However, Plaintiffs assert that leave should be denied because Defendant's unnecessary delay will prolong the inevitable and result in unnecessary expense.  Plaintiffs further claim that Defendant's proposed amendments should be denied because they are futile.

As an initial matter, Plaintiffs argue leave should be denied because Defendant waited until after the standard 21-day time period to file an amended counterclaim without leave.  Plaintiffs indicate that instead of filing an amended complaint, Defendant filed a Response to Plaintiffs' Motion to Dismiss Counterclaim.  Plaintiffs assert that Defendant waited almost two months after initially filing its Counterclaim to request leave.  Plaintiffs allege that this delay

resulted in spending unnecessary resources and expenses analyzing the original Counterclaim.

In response, Defendant argues that unnecessary delay must be viewed within the context of this specific case. Defendant contends that discovery has not yet begun, and that, at Plaintiffs' request, it joined a Motion to postpone a discovery and scheduling conference, until the resolution of the pending motions.

Defendant further claims that Plaintiffs' delay argument is unwarranted because their Motion to Dismiss the Counterclaim [ECF No. 43] is deficient. Defendant argues that Plaintiffs' Motion to Dismiss is premised on its "discontinued advertisements" theory. Defendant then points out that not all the advertisements that Defendant contests have been discontinued. ("Back to 100%," "Other Ingredients," use of "5-hour ENERGY" ads).

Defendant then claims that Plaintiffs improperly raised a new legal argument in its Motion to Dismiss Reply brief. Defendant contends that the Reply brief alleges that Defendant did not adequately plead facts regarding the harm that it suffered because of Plaintiffs' alleged unlawful conduct. [ECF No. 48, Pg.ID 1143-44] Defendant argues that "reply briefs reply to arguments made in the response brief." *See, e.g.*, *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) And reply briefs are not meant to "provide the moving party with a new opportunity to present yet another issue for the court's consideration." *Id.* Rather

18

than move to strike or request a sur-reply, Defendant filed the Motion to Amend. Consequently, Defendant argues that any undue delay was caused by Plaintiffs' improper briefing of the Motion to Dismiss the Counterclaim.

Plaintiffs also claim that the amended counterclaim is futile. To support this point, Plaintiffs cite Defendant's own words, which indicate that the amended Counterclaim does not "add anything new." [ECF No. 49, Pg.ID 1157] Plaintiffs contend that Defendant's amendments are premised on the seven advertisements that Plaintiffs have already analyzed and responded to in their Motion to Dismiss. [ECF No. 43]

Plaintiffs argue that the first five advertisements referred to by Defendants were discontinued in 2017, years before Vitamin Energy entered the market. Plaintiffs further assert that Defendant does not dispute that these discontinued advertisements can only be located in third-party internet archives, which Plaintiffs liken to a library's "microfiche archives of long expired newspapers and magazines." [ECF No. 52, Pg.ID 1287] In response, Defendant states that any potential effect of these advertisements is an issue for discovery. Defendant states that in the context of a motion for leave, any futility arguments based on factual issues must be resolved in the nonmoving party's favor. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F. 3d 417, 420-21 (6th Cir. 2000).

Next, citing *Williams v. CitiMortgage, Inc.*, Plaintiffs contend that when presented with a "conflict between the bare allegations of the complaint and any exhibit[s] . . . the exhibit[s] prevail[]." 498 F. App'x 532, 536 (6th Cir. 2012) (internal quotations and citations omitted). Plaintiffs assert that the discontinued advertisements could not have harmed Defendant's sales or business reputation because their product did not exist yet. Plaintiffs allege that no amendment can change that fact. Consequently, Plaintiffs assert that even with the amendment, Defendant still cannot state an actionable claim, still lacks Lanham Act standing, and the Court still lacks subject matter jurisdiction. *See Roller v. Litton Loan Servicing*, 2011 U.S. Dist. LEXIS 65827, at *17-18 (E.D. Mich. June 21, 2011) (rejecting proposed amendment because it did not cure the conclusory allegations from the original complaint); *see also Gale v. Charter Twp. of Filer Bd. of Trs.*, 142 F. Supp. 3d 549, 555 (W.D. Mich. 2015) (same); *Hebda v. Harbinger Grp., Inc.*, 2014 U.S. Dist. LEXIS 7461, at *9 (E.D. Mich. Jan. 22, 2014) ("It is settled that if the proposed change … advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend.") (internal citation and quotation omitted).

Plaintiffs also assert that all seven of the advertisements that Defendant refers to fail to meet the pleading standards required by *Iqbal*, *Twombly*, and the Lanham Act. Plaintiffs contend that the proposed amendment still contains

conclusory and hypothetical allegations of harm, which are insufficient to establish the required "facts and causal connection between any of the ads at issue and [Defendant's] product." [ECF No. 52, Pg.ID 1289]

Plaintiffs argue that two of Defendant's arguments in its proposed amendment are contradictory and illogical. For example, Defendant takes issue with Plaintiffs' advertisement which claimed that its 5-hour ENERGY product got consumers "back to 100%." [ECF No. 52, Pg.ID 1290] Plaintiffs claim that it is illogical for Defendant to then claim that the "Back to 100%" advertisement "dissuades" consumers from purchasing Defendant's "7+ hours of energy" product. [*Id.*] Responding to this argument, Defendant asserts that its arguments are not contradictory. On the contrary, Defendant contests Plaintiffs' blanket statement that their product provides 5 hours of energy. And that Defendant's advertisement considers an individual's "caffeine tolerance, weight, age, and other variables," and only claims that a consumer will get "*up*" to 7+ hours of energy. [ECF No. 55, Pg.ID 1305] (emphasis added).

Plaintiffs also contend that Defendant's Answer contradicts its proposed amendment. The original Counterclaim alleges that Defendant's sales have increased since entering the market in 2017. [ECF No. 41, Pg.ID 1023] Defendant alleges that since 2017, its products have become "the fastest growing energy shots in the world," citing "pent-up consumer demand for a healthy-for-you energy shot

that the market lacked." [*Id.*] Plaintiffs continue that Defendant's Answer cannot be reconciled with its proposed amendment, which alleges that Plaintiffs' advertisements have caused Defendant "economic injury . . . ." [ECF No. 52, Pg.ID 1290] Plaintiffs argue that Defendant's contradictory allegations are irreconcilable and that the Court need not attempt to reconcile them. *See Jiangbo Zhou v. Lincoln Elec. Co.*, 2020 U.S. Dist. LEXIS 85796, at *11-12 (S.D. Ohio May 15, 2020) ("It is well established that, where a plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss.") (internal citation and quotation omitted); *see also Williams*, 498 F. App'x at 536 ("[A] court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice.") (internal citations and quotations omitted); *see also Roller*, 2011 U.S. Dist. LEXIS 65827, at *14 ("Plaintiffs' complaint … alleges materially contradictory facts that cause all Plaintiffs' other claims to fail on the pleadings."). Plaintiffs indicate that the Court, in *Jiangbo Zhou*, noted that alternative pleading cannot save Defendant's proposed amendment because Rule 8(d)(3) does not allow parties to "make clashing factual

assertions . . . in the context of the same claim." *Jiangbo Zhou*, 2020 U.S. Dist.
LEXIS 85796, at *11-12.

Defendant claims there is no contradiction that must be reconciled.
Defendant contends that, as pleaded, its sales did increase in 2017. However,
Defendant alleges that but-for Plaintiffs' alleged false advertising, Defendant's
sales would have grown faster. [ECF No. 55, Pg.ID 1305]

Although the Court finds that the other factors weigh in favor of allowing
Defendant's leave to file its proposed amendment, the Court must deny the leave to
amend.  To grant Defendant's Motion would be futile. Notwithstanding
Defendant's arguments about unnecessary delay and Plaintiffs' improper Reply
brief, none of Defendant's arguments allege new facts that establish that Plaintiffs'
actions caused Defendant's alleged injuries. All of Defendant's arguments are
conclusory and speculative. The Court is also persuaded by Plaintiffs' argument
that the proposed amendment only clarifies the kind of injury that Defendant
allegedly suffered. But the proposed amendment fails to allege any facts, which
show that any of the contested advertisements harmed Defendant. As Plaintiffs
indicate, the Court is "not bound to accept as true a legal conclusion couched as a
factual allegation." *Williams*, 498 F. App'x at 536, quoting *Twombly*, 550 U.S. at
555.

After reviewing the parties' papers and arguments, the Court denies as futile Defendant's Motion to Amend/Correct Counterclaim.

## III.   CONCLUSION/ORDER

For the reasons set forth above,

IT IS ORDERED that Plaintiffs' Motion to Dismiss Defendant's Counterclaim **[ECF No. 43]** is GRANTED for failure to state a claim as more fully set forth above.

IT IS FURTHER ORDERED that the Counterclaim **[ECF No. 41]** is DISMISSED.

IT IS FURTHER ORDERED THAT Defendant's Motion for Leave to Amend/Correct Counterclaim **[ECF No. 49]** is DENIED.

S/Denise Page Hood<br>
DENISE PAGE HOOD<br>
United States District Judge

DATED:  October 4, 2023