UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL IP HOLDINGS, LLC,
et al.,

    Plaintiffs,

v.

VITAMIN ENERGY, INC.,

    Defendant.
_____/

Case No. 19-11716

Hon. Denise Page Hood

## ORDER DENYING MOTION FOR RECONSIDERATION (ECF No. 75) and DENYING MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION (ECF No. 85)

This matter is before the Court on Defendant Vitamin Energy Inc.'s Motion for Reconsideration of the Order Dismissing its Counterclaim.  On October 4, 2023, the Court entered an Order Granting the Motion to Dismiss and Denying the Motion to Amend Counterclaim.  (ECF No. 74) Also before the Court is Plaintiffs' Motion for Leave to file a Response to Defendant's Motion for Reconsideration, which is denied since the Court does not require such in order to rule on Defendant's Motion.

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration of non-final orders must be filed within 14 days after entry of the  order.  E.D. Mich. LR 7.1(h)(2).  No response to the

motion and no oral argument are permitted unless the Court Orders otherwise. E.D. Mich. LR 7.1(h)(3). Motions for reconsideration may be brought upon the following grounds:

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

Defendant Vitamin Energy raises a new argument that the Court did not consider its request for injunctive relief. However, Defendant's response to the Motion to Dismiss did not raise this argument. Defendant also did not seek a ruling on whether the relief for an injunction affected any ruling on Defendant's Motion to Dismiss.

A court may grant injunctions to prevent the violation of any right of the registrant of a mark or to prevent a violation under subsection (a), (c) or (d) of section 1125.  15 U.S.C. § 1116(a).   In its order, the Court dismissed the Counterclaim because it did not contain sufficient factual allegations to establish a causal link between Innovation Ventures' alleged false advertisements and harm to Vitamin Energy.  The Court concluded that the Counterclaim failed to state a claim upon which relief may be granted under the Lanham Act.  ECF No. 74, PageID.1425.  The Court finds that Defendant Vitamin Energy's motion merely presents the same arguments and issues previously ruled upon by the Court, either expressly or by reasonable implication.  The Court will not reconsider its prior ruling. Defendant Vitamin Energy has not shown the Court clearly erred in its prior Order.

Accordingly,

IT IS ORDERED that Defendant Vitamin Energy, LLC's Motion for Reconsideration **(ECF No. 75)** is DENIED.

IT IS FURTHER ORDERED that the Motion for Leave to File a Response to Defendant's Motion for Reconsideration **(ECF No. 85)** is DENIED.

s/Denise Page Hood  
DENISE PAGE HOOD  
United States District Judge

DATED:  February 15, 2024