**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **INTERNATIONAL IP HOLDINGS, LLC,** a Michigan limited liability company, and<br><br>**INNOVATION VENTURES, LLC,** a Michigan limited liability company,<br><br>Plaintiffs,<br><br>**v.**<br><br>**VITAMIN ENERGY, LLC,** a Delaware limited liability company,<br><br>Defendant. | Case No. 2:19-cv-11716-DPH-MKM<br><br>Hon. Denise Page Hood<br><br>Mag. Judge David R. Grand |

## MOTION AND BRIEF TO COMPEL EXPERT DEPOSITIONS [EXPEDITED CONSIDERATION REQUESTED]

## MOTION TO COMPEL EXPERT DEPOSITIONS

This is Defendant Vitamin Energy, LLC's Motion to Compel Expert Depositions. Vitamin Energy seeks an order compelling Plaintiffs International IP Holdings, LLC and Innovation Ventures, LLC [collectively, "5 Hour"] to honor the Court's scheduling order and move forward with expert depositions. As the deadline for expert discovery is October 15, 2025, Vitamin Energy asks for expedited consideration. As 5 Hour has flouted the Court's schedule, Vitamin Energy asks for reimbursement of its costs in filing this Motion.

The parties met and conferred on this Motion on September 11, 2025 through a video call in which counsel for the parties participated and addressed their positions. The parties were not able to find common ground on this issue.

The Court has set a deadline of October 15, 2025 for the completion of expert discovery. [ECF 133] This order was based on the parties' stipulation. Notably, Vitamin Energy had requested more time to complete its five rebuttal reports but 5 Hour only gave to Vitamin Energy about one-half the requested extension.

Until September 8, 2025, the parties were working together to confirm a schedule for the 10 expert depositions. After much coordination, they had agreed on a schedule subject to final confirmation. [Ex. 1, Expert Deposition Schedule] Then, on Monday, September 8, 2025, 5 Hour decided to hold these depositions hostage. Specifically, 5 Hour refused to allow expert discovery to go forward unless and until Vitamin Energy agreed to a mediation with Judge Rosen. [Ex. 2, Pavlock Email re Mediation] This would be a private mediation through JAMS and would be the third such mediation in this case. For some reason, 5 Hour offered to make Manoj Bhargava present despite the fact that 5 Hour has opposed Vitamin Energy's attempt to take Mr. Bhargava's deposition by claiming that his role at 5 Hour and limited knowledge of this case does not merit a deposition. Notably, 5

Hour did not communicate any settlement offer to Vitamin Energy as a prelude to mediation.

Vitamin Energy did not agree to this demand. It noted that this demand would necessarily change the Court's schedule without Vitamin Energy's concurrence and objected on this basis. [Ex. 3, Susser Email re Mediation]

Vitamin Energy does not believe that mediation at this time would be productive. After two lengthy but failed mediations and without any settlement offer from 5 Hour, Vitamin Energy does not see any reasonable possibility for settlement. 5 Hour appears to have used a decision by Judge Grey in another lawsuit between 5 Hour and Vitamin Energy as the pretext for this mediation demand. But that decision is still at issue as Vitamin Energy is working on a motion for relief and will, if unsuccessful, file an appeal. Despite all this, Vitamin Energy is willing to consider mediation but does not want to start mediation until after the completion of discovery.

5 Hour does not have the right to unilaterally stop expert discovery because it decided that this is a good time for 5 Hour to engage in mediation. Fed. R. Civ. P. 16. In fact, this is a particularly bad time for mediation. Based on a lawsuit that 5 Hour started for trademark infringement and false advertising, Vitamin Energy has been forced to spend hundreds of thousands of dollars to defend itself, including several hundred thousand dollars for the five required expert rebuttal reports alone.

After Vitamin Energy has spent this money to rebut 5 Hour's allegations and before Vitamin Energy has the opportunity to exam these experts on their opinions, 5 Hour now wants to unilaterally suspend discovery and force Vitamin Energy into mediation. Mediation now does not make sense as the parties have completed all discovery with the exception of expert depositions; it would make more sense to discuss mediation after the completion of these depositions.

Vitamin Energy asks the Court to compel 5 Hour to complete expert discovery based on the agreed schedule. Vitamin Energy also asks for reimbursement of the costs to file this Motion as it should not have been necessary.

**[ADD SIGNATURE BLOCK]**

## BRIEF IN SUPPORT OF MOTION TO COMPEL EXPERT DEPOSITONS

### STATEMENT OF ISSUES PRESENTED

Whether a party may unilaterally change the Court's scheduling order by refusing to complete expert discovery unless and until the other party agrees to participate in an intervening mediation.

## CONTROLLING AUTHORITY

Fed. R. Civ. P. 16(b)(4) and 16(f)(1) and (2)

## ARGUMENT

Vitamin Energy wants to move complete discovery by taking the depositions of 5 Hour's experts by or near the October 15, 2025 deadline. 5 Hour is not willing to make its expert witnesses available for deposition unless and until Vitamin Energy agrees to mediate under specific guidelines.

Rule 16 of the Federal Rules of Civil Procedure provides that a schedule may be modified only for good cause and with the judge's consent. Here, 5 Hour's insistence that it will not proceed with expert depositions until Vitamin Energy has conducted a would necessarily modify the Court's schedule without Vitamin Energy's concurrence. 5 Hour would effectively be substituting itself for the Court. Fed. R. Civ. P. 16(b)(4).

Even if 5 Hour files a motion to amend the schedule, 5 Hour has still unilaterally modified the schedule. 5 Hour first refused to conduct expert discovery on September 8, 37 days before the close of expert discovery. It is not practical to take and defend 10 expert depositions by the October 15 deadline and still allow time for motion practice. If 5 Hour wanted to change the schedule for mediation, it could have done that earlier so that the parties could litigate their dispute over the schedule without compromising that schedule.

As for sanctions, Rule 16 allows the Court to issue sanctions for the failure to obey a scheduling order. Fed. R. Civ. P. 16(f). In addition, the Court *must* order a

party or its attorney to pay the reasonable expenses, including attorney fees, for failure to obey a scheduling order. Fed. R. Civ. P. 16(f)(2).

Respectfully submitted,

**EVIA LAW PLC**

/s/ *Steven Susser*
Steven Susser (P52940)
Jessica Fleetham (P81038)
32400 Telegraph Suite 103
Bingham Farms, MI 48025
248-243-1201
steven@evialaw.com
jessica@evialaw.com

*Attorneys for Defendant*

September 11, 2025

**CERTIFICATE OF SERVICE**

I certify that on September 11, 2025, I electronically filed the forgoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record on the ECF Service List.

**EVIA LAW PLC**

/s/ *Steven Susser*
Steven Susser (P52940)