**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **INTERNATIONAL IP HOLDINGS, LLC,** a Michigan limited liability company, and **INNOVATION VENTURES, LLC,** a Michigan limited liability company,<br><br>Plaintiffs,<br><br>**v.**<br><br>**VITAMIN ENERGY, LLC**, a Delaware limited liability company,<br><br>Defendant. | Case No. 2:19-cv-11716-DPH-DRG<br><br>Hon. Denise Page Hood<br>Mag. Judge David R. Grand<br><br>*JURY TRIAL DEMANDED* |

## PLAINTIFFS' MOTION TO STAY PROCEEDINGS

International IP Holdings, LLC ("International IP") and Innovation Ventures, LLC ("Innovation Ventures") (collectively, "Plaintiffs") respectfully requests the Court exercise its discretion to stay this proceeding to permit the Parties to explore resolution through mediation prior to engaging in expensive and time-consuming expert discovery. Not only is mediation appropriate before the Parties spend substantial time and money on expert discovery, but mediation is especially appropriate now because prior mediation resulted in defendant Vitamin Energy, Inc. ("Vitamin Energy") filing its own Antitrust and False Advertising claims in Case No. 24-13125 in October of 2024. The recent Order of Judge Grey dismissed this lawsuit

with prejudice. Additionally, Plaintiff has now provided a reasonable offer for settlement that has not been previously offered during previous mediation dates that focuses more on it claims against Vitamin Energy as they existed at the beginning of the lawsuit in 2019. Thus, Plaintiff holds a firm belief that a mediation—unencumbered by Defendant recently filed and more recently dismissed attempt to pursue a Plaintiffs case—will prove to be fruitful. If the Parties proceed further and spend additional money and time, this matter may be beyond the point of resolution short of a trial.

The factual and legal basis for Innovation Ventures' motion is provided in the accompanying Brief in Support. A proposed Order consistent with the relief requested in this motion is being submitted directly to the judge for approval.

Pursual to Local Rule 7.1(a), there was a conference between the attorneys for the parties in which Innovation Ventures explained the nature of the motion and its legal basis. Defendant's counsel did not concur in the relief sought.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

Dated: September 11, 2025

/s/ Marc Lorelli
Marc Lorelli (P63156)
150 W. Second St., Suite 400N
Royal Oak, Michigan 48067-3846
Telephone: (248) 358-4400
Facsimile: (248) 358-3351
Email: mlorelli@brookskushman.com

Craig O. Pavlock (P56669)
**OAKLAND LAWYERS GROUP, PLLC**
38955 Hills Tech Drive
Farmington Hills, MI 48331
(248) 536-3292
F (248) 536-1859
cpavlock@oaklandlawyersgroup.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **INTERNATIONAL IP HOLDINGS, LLC,** a Michigan limited liability company, and **INNOVATION VENTURES, LLC,** a Michigan limited liability company,<br><br>Plaintiffs,<br><br>**v.**<br><br>**VITAMIN ENERGY, LLC**, a Delaware limited liability company,<br><br>Defendant. | Case No. 2:19-cv-11716-DPH-DRG<br><br>Hon. Denise Page Hood<br>Mag. Judge David R. Grand<br><br>*JURY TRIAL DEMANDED* |

**PLAINTIFFS' BRIEF IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS**

## TABLE OF CONTENTS


I. INTRODUCTION ........................................................................... 1

II. LAW AND ANALYSIS ..................................................................... 3

III. CONCLUSION ............................................................................... 6

# TABLE OF AUTHORITIES

## Cases

*Ferrell v. Wyeth–Ayerst Labs., Inc*.,
No. 1:01-cv-447, 2005 WL 2709623(S.D. Ohio Oct. 21, 2005) ..................... 3

*Grice Eng'g, Inc. v. JG Innovs., Inc*.,
691 F. Supp. 2d 915 (W.D. Wis. 2010) ..................... 3

*Landis v. North American Co*.,
299 U.S. 248 (1936) ..................... 3

*Scott v. Henry Ford Health System*Docket
No. 22-10306, 2024 WL 3223922 (E.D. Mich. Feb. 26, 2024) ..................... 3

## MOST CONTROLLING AUTHORITY

*Scott v. Henry Ford Health System*
Docket No. 22-10306, 2024 WL 3223922 (E.D. Mich. Feb. 26, 2024)

## CONCISE STATEMENT OF ISSUE PRESENTED

Should the Court stay this case to allow Plaintiffs Innovation Ventures LLC and International IP Holdings LLC to re-initiate mediation proceedings given: (1) the upcoming expensive and time consuming expert discovery, and (2) prior mediation attempts were derailed for Defendant Vitamin Energy hopes to prevail in a case against Innovation as a plaintiff, but that ancillary lawsuit in, Case No. 24-13125, was recently dismissed by Judge Grey with prejudice?

Plaintiffs' answer: **Yes.**

# I. INTRODUCTION

Plaintiffs created 5-hour ENERGY®, the widely recognized, first-of-its-kind 2-ounce energy shot over two decades ago. Plaintiffs hold a family of famous and incontestable registered trademarks that it is asserting against Vitamin Energy. Vitamin Energy attempts to piggyback off the success of Innovation's pioneering product and unique and famous name by using a similar (and false) identifier— "7 HOURS ENERGY"—on its packaging, advertising, and point of sale displays.

In March of 2024, recognizing that a prolonged legal battle is not optimal for either party, the Parties initiated mediation efforts and engaged Former Judge Rosen of JAMS to facilitate a potential resolution. The Parties participated in a mediation on May 15, 2024, and although substantial progress was made, resolution was not obtained. For this reason, Judge Rosen convened a follow up session on October 14, 2024. This session began adversarial because Defendant wanted Innovation's founder Manoj Bhargava to attend. Instead, the Chief Operating Officer of Innovation attended. The session ultimately reversed some progress made. After the mediation, it was clear that there was a competing interest. In November 2024, shortly after the mediation, Vitamin Energy filed a multiple count lawsuit against Innovation alleging anti-trust violations and various false advertising assertions. (Case 2:24-cv-13125-JJCG-EAS, ECF No. 28, PageID. 766.)

The Parties then proceeded through substantial portions of discovery in this case. At the same time, Innovation filed a Motion to Dismiss the Anti-Trust and False Advertising case. Recently, Judge Grey issued an Order dismissing Vitamin Energy's claims with prejudice. (Order, Vitamin Energy, Inc., v. Manoj Bhargava, et al., Case 2:24-cv-13125-JJCG-EAS, EFC No. 28, PageID. 796) Even if viewing the facts in the light most favorable to Vitamin Energy, the claims presented are unsupported by any factual allegations and are wildly speculative. (*Id*, PageID. 779-778.) This Order was issued on August 29th, 2025, while the Parties are facing significant expenditures associated with expert discovery, including expert depositions in California, Texas, Florida, Illinois, Washington and Michigan. These experts are all highly paid and the time and money associated with continuing expert discovery is quite substantial. The amount of time and effort involved with ten expert depositions is quite substantial.

Because complications associated with Vitamin Energy's belief that its unsupported and wildly speculative assertions had merit, the Parties' most recent mediation was not successful. That is now resolved. Moreover, now is a particularly appropriate time for mediation given the upcoming expert discovery. To alleviate some prior obstacles perceived by the Defendant, Innovation's founder Manoj Bhargava has agreed to participate. Therefore, the Plaintiffs request a stay of all

proceedings to re-initiate their mediation efforts, which has the potential to result in a settlement of this matter, thereby resolving this case.

## II. LAW AND ANALYSIS

Generally, the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its dockets with economy of time and effort for itself, for counsel, and for litigants." *Scott v. Henry Ford Health System*, Docket No. 22-10306, 2024 WL 3223922, at *1 (E.D. Mich. Feb. 26, 2024) (quoting *Landis v. North American Co*., 299 U.S. 248, 254 (1936)). Therefore, it is within the discretion of the Court to stay proceedings pending a resolution through mediation.

In deciding whether to grant a stay, courts commonly consider factors such as: (1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court. *Grice Eng'g, Inc. v. JG Innovs., Inc*., 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted); *see also Ferrell v. Wyeth–Ayerst Labs., Inc*., No. 1:01-cv-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) ("There is no precise test for when a stay is appropriate. However, district courts often consider the following factors: the need for a stay, the balance of potential hardship to the parties and the public, and the promotion of judicial economy.").

Here, all factors weigh in the balance of granting the requested stay pending the mediation proceedings. ***First***, the parties are facing significant expenditures associated with expert discovery, including expert depositions in California, Texas, Florida, Illinois, Washington and Michigan. These experts are all highly paid and the time and money associated with continuing expert discovery is quite substantial. Staying the lawsuit will permit the parties to pursue settlement before these expenditures when the parties will only become more fully entrenched. Simply, the reason to stay the proceedings is to conserve the resources of the Parties and the Court. Furthermore, with the recent dismissal of the Defendant's complaints, re-engaging in mediation discussions may be more successful at this point.

***Second***, this stage of the litigation lends itself to re-opening mediation discussions. Both parties have not yet began expert depositions for rebuttal. This is an opportunity to circumvent the time and costs of conducting costly expert deposition. Furthermore, Defendant Vitamin Energy's recent dismissal of its claims against the Plaintiffs is likely to serve as a catalyst for more conducive and cooperative mediation discussions, in contrast to the previous attempts made before this resolution. Moreover, NatureSweet has provided a meaningful settlement demand that likely resolves all prior issues.

***Third***, the non-moving party is not unduly prejudiced nor tactically disadvantaged by granting the stay. Both parties are in the midst of expert discovery.

If mediation is not successful, both parties will proceed from where they currently are today. Moreover, Vitamin Energy has no affirmative lawsuit and staying the case at this juncture will allow the parties to pursue mediation before decisions need to be made by Vitamin Energy regarding an appeal to the Sixth Circuit, if it so chooses. Therefore, Defendant is not unduly prejudiced nor tactically disadvantaged. In fact, the opposite is true. This case has been pending since 2019, with the first discovery request for production occurring in October of 2019 and thus far, both parties have invested significant effort and resources, and discovery has not yet concluded. It is prudent for both parties to re-engage in mediation efforts prior to continuing as the cost of expert discovery will weigh heavily on ***both*** parties.

***Fourth and fifth***, mediation discussions now will simplify the issues and lessen the burden on the Parties and the Court, especially given that the apparent reason mediation efforts were unsuccessful was the Defendant's now dismissed counterclaims. Granting the stay the proceedings will allow for a less adversarial discussion to occur via the mediation. Such a resolution would forgo the need for the trial proceedings to continue, thus reducing the already heavy six-year burden of litigation for the parties. Even a partial resolution on some of the claims would alleviate the burden on all parties and possibly streamline trial proceedings for any remaining claims, which is highly likely in a mediation session that will include

Innovation, Vitamin Energy and Vitamin Energy's insurance carrier. This is in the best interest of this Court's judicial economy for the reasons outlined herein.

## III. CONCLUSION

The Plaintiffs request that this Court stay all proceedings pending a mediation session with Former Judge Rosen of JAMS. If a resolution is reached in mediation, the case would also be disposed of in this Court.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

Dated: September 11, 2025

/s/ Marc Lorelli
Marc Lorelli (P63156)
150 W. Second St., Suite 400N
Royal Oak, Michigan 48067-3846
Tel.: (248) 358-4400
Email: mlorelli@brookskushman.com

Craig O. Pavlock (P56669)
**OAKLAND LAWYERS GROUP, PLLC**
38955 Hills Tech Drive
Farmington Hills, MI 48331
(248) 536-3292
F (248) 536-1859
cpavlock@oaklandlawyersgroup.com

*Attorneys for Plaintiffs*