UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL IP HOLDINGS, LLC,
and INNOVATION VENTURES, LLC,

Plaintiffs,

v.

VITAMIN ENERGY, LLC,

Defendant.
______________________________________/

Civil Action No. 19-11716

Denise Page Hood
United States District Judge

David R. Grand
United States Magistrate Judge

**ORDER GRANTING PLAINTIFFS' MOTION TO STAY PROCEEDINGS (ECF No. 138) AND TO DENY WITHOUT PREJUDICE DEFENDANT'S MOTION TO COMPEL EXPERT DEPOSITIONS (ECF Nos. 136, 137)**

**Background**

This six-year old case concerns a trademark dispute between plaintiffs International IP Holdings, LLC (which owns the intellectual property in question) and Innovation Ventures, LLC (which is the exclusive licensee of that intellectual property) (collectively, "Plaintiffs" or "5 Hour") and defendant Vitamin Energy, LLC ("Defendant" or "Vitamin Energy"). In short, Plaintiffs contend that they own and possess full legal rights to enforce a family of trademarks that are used in connection with the marketing and sale of 5-HOUR ENERGY® branded products, and that Defendant "uses words, terms, names, symbols, devices, and/or combinations, including 7 HOURS of ENERGY that infringe upon and are confusingly similar to Plaintiffs' 5-HOUR ENERGY Trademarks." (ECF No. 36, PageID.897).

After years of litigation, which has included Defendant fling a countersuit that was recently dismissed, the parties are about to embark on expensive expert discovery. Indeed, the parties have been in the process of scheduling depositions of ten different experts who reside in multiple states across the country, including California, Texas, Florida, Illinois, Washington and Michigan. The experts' hourly rates are expensive, in some cases upwards of $950/hour. Between the experts' fees, the attorneys' fees, and the travel costs (most of the depositions would be in-person), the total costs to each of the parties of taking these depositions would almost certainly be well into the six-figures.

The parties had tried previously to resolve their dispute utilizing the services of Judge Gerald E. Rosen (ret.). Although those efforts did not result in a settlement, on September 11, 2025, as the parties were still negotiating a schedule for the expert depositions, Plaintiffs filed the instant motion asking the Court to stay the case so that the parties could re-engage with Judge Rosen in an attempt to resolve the case. (ECF No. 138).

Plaintiffs identify a few reasons in their motion why mediation, at least in their eyes, is likely to be successful at this time. First, they note that their request follows on the heels of Defendant's countersuit being recently dismissed. Second, they represent that whereas their prior mediation session "began adversarial because Defendant wanted [Plaintiffs'] founder Manoj Bhargava to attend," but "[i]nstead, the Chief Operating Officer of Innovation attended," this time Plaintiffs represent that Bhargava will attend. (*Id.*, PageID.2810-11). Third, they assert that Defendant "is not unduly prejudiced nor tactically disadvantaged by granting the stay," as "[b]oth parties are in the midst of expert discovery." (*Id.*, PageID.2813). Finally, they argue that "mediation discussions now will simplify the

issues and lessen the burden on the Parties and the Court, especially given that the apparent reason mediation efforts were unsuccessful was the Defendant's now dismissed counterclaims." (*Id.*, PageID.2814). Two other reasons proffered by Plaintiffs in a response brief to Defendant's related motion to compel expert depositions are also significant. Plaintiffs represent that Judge Rosen indicated he has an ability to meet with the parties as early as October 6th. (ECF No. 144, PageID.2939). And, Plaintiffs represent that they recently "made a sincere offer of settlement that includes no changes to Defendant's current business and no payment directly from the Defendant." (*Id.*, PageID.2938).

In response to Plaintiffs' motion, Defendant asserts, "[t]here is no reason for a stay other than that 5 Hour suddenly decided that it does not want to engage in expert discovery, the next phase of the lawsuit that 5 Hour started." (ECF No. 145, PageID.2944). Defendant asserts, "If 5 Hour truly wants to resolve this case it can dismiss its claims with prejudice." (*Id.*). Defendant disputes the likelihood that a mediation at this stage would be successful, arguing that "the parties have already tried mediation twice, without success," "5 Hour has refused to make its owner, who started this lawsuit, available for deposition . . . depriving Vitamin Energy of facts that could impact settlement," and that "the parties have exchanged settlement offers as directed by the Court and remain far apart, both from the injunctive and damages perspectives." (*Id.*, PageID.2945).

In addition to opposing Plaintiffs' motion to stay the proceedings in favor of mediation, Defendant filed its own motion in which it asks the Court to compel Plaintiffs "to complete expert discovery based on the agreed schedule," though that motion

essentially advances the same arguments as contained in Defendant's opposition to Plaintiffs' motion. (ECF Nos. 136, 137).

**Applicable Standards**

As recently explained by the Honorable Terrence G. Berg,

> A district court has "the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-cv-447, 2005 WL 2709623, *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n. v. Miller*, 523 U.S. 866, 880 (1998)); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). In deciding whether to grant a stay, courts commonly consider factors such as: (1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court. *Zimmers v. Eaton Corp.*, No. 15-CV-2398, 2016 WL 1322343, at *2 (S.D. Ohio Apr. 5, 2016) (citation omitted). The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Id.* (citing *Ohio Env't Council*, 565 F.2d at 396).

*Keith v. Atkinson*, No. 2:25-CV-11203-TGB-CI, 2025 WL 1909478, at *1 (E.D. Mich. July 10, 2025).

**Discussion**

Overall, the above-referenced factors favor granting 5 Hour's motion for a stay so that the parties can participate in a mediation session in the very near future. Although there is not necessarily a "need" for a stay at this time, it makes tremendous sense. This is an old case already, and the quickest potential way of resolving it is through a mediation

that would take place very soon. This is particularly so given that the immediate alternative is to embark on a series of ten expert depositions all over the country. A mediation is also certain to be much less expensive[1] than taking the depositions. The second, fourth and fifth factors therefore strongly favor the stay. The third factor also favors granting a stay, as Plaintiffs have shown that, assuming the case does not resolve at mediation, Defendant will not be prejudiced. Any delay occasioned by the mediation will be relatively brief. Moreover, as the Court sees it, having the parties mediate the case before Judge Rosen under the present circumstances gives Defendant significant leverage in the negotiations. Mr. Bhargava will be required to attend the mediation – something Defendant wanted at the prior mediation – and 5 Hour has already indicated that its current settlement proposal would enable Defendant to maintain its status quo and would not require Defendant to make any out-of-pocket payment. And, if those terms are not satisfactory to Defendant, there is certainly opportunity for additional good-faith negotiation – the very point of engaging a seasoned and effective mediator being to help successfully shepherd the parties through that process. Finally, Defendant fails to explain why taking the expert depositions before an additional mediation session would be likely to increase the odds of a resolution.

**<u>Conclusion</u>**

For all of the foregoing reasons, **IT IS ORDERED** that Plaintiffs' motion to stay proceedings **(ECF No. 138)** is **GRANTED**. The parties shall work with Judge Rosen to

[1] Defendant suggests that if the Court grants a stay and orders the requested mediation, it should order 5 Hour to pay 100% of the mediation's cost. The Court declines to do so, and finds that because both parties benefit the same from the mediation in terms of having an opportunity to potentially resolve the case, the mediation costs should be split evenly between the parties.

schedule a mediation as soon as possible, and Mr. Bhargava shall attend the mediation in person. **IT IS FURTHER ORDERED** that Defendant's motion to compel expert depositions **(ECF No. 136, 137)** is **DENIED WITHOUT PREJUDICE**. Counsel shall promptly provide the Court with a joint status report following the mediation ordered herein.

**IT IS SO ORDERED**.

Dated: October 2, 2025
Ann Arbor, Michigan

s/David R. Grand
DAVID R. GRAND
United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 2, 2025.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager