**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

INTERNATIONAL IP HOLDINGS, LLC, et al.,

      Plaintiffs,

                             Case No. 19-cv-11716

v.

                             Hon. Denise Page Hood

VITAMIN ENERGY, INC.,

      Defendant.

_____/

## ORDER DENYING RENEWED MOTION OBJECTIONS (ECF No. 162)

This matter is before the Court on Defendant Vitamin Energy, Inc.'s Renewed "Motion" Objection to the Magistrate Judge's Order Granting Plaintiffs' Motion to Stay and Denying Without Prejudice Defendant's Motion to Compel Expert Depositions (ECF No. 151) and Order Denying Motion for Reconsideration of the Same (ECF No. 161). (ECF No. 162) The Magistrate Judge issued an Order granting Plaintiffs' Motion to Stay Proceedings while the parties schedule and attend a mediation session with mediator, Gerald E. Rosen. The Magistrate Judge directed Mr. Manoj Bhargava to attend the mediation in person since he did not attend in person the previous mediation session. (ECF No. 151, PageID.3011, .3014-.3015)

The decision and order of a non-dispositive motion by the Magistrate Judge

will be upheld unless it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Any appeal from or objections to a magistrate judge's order must be made within 14 days of the entry of the order, must specify the part of the order the party objects to, and state the basis for the objection.  E.D. Mich. LR 72.1(d); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).  A party who fails to file objections or objections that are only general and are not specific waives the right to appeal.  See *Howard v. Secretary of HHS,* 932 F.2d 505, 508-09 (6th Cir. 1991).  In a non-dispositive order entered by a magistrate judge, a district judge shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 398 (1948); *Hagaman v. Commissioner of Internal Revenue,* 958 F.2d 684, 690 (6th Cir. 1992).  Rule 72(a) provides considerable deference to the determinations of the magistrate judges. *In re Search Warrants,* 889 F.Supp. 296, 298 (S.D. Ohio 1995).

After reviewing Defendant's Objections, the Court finds that the Magistrate Judge did not clearly err in finding that it need not wait for a reply brief before reaching its decision.  The Magistrate Judge noted that "the salient issues were

adequately briefed when the Court issued its Mediation Order, and contrary to Vitamin Energy's assertion, the 'new facts' it references in its instant motion for reconsideration further support the Court's reasoning, and thus would not have changed the Court's ruling." (ECF No. 161, PageID.3178-.3179) The Magistrate Judge stated that it "clearly had sufficient information about Vitamin Energy's positions to make a sound decision" in issuing its Mediation Order. *Id*. at PageID.3179. The Magistrate Judge recognized that the parties remain far apart in settlement negotiations but noted "'there is certainly opportunity for additional good-faith negotiation – the very point of engaging a seasoned and effective mediator being to help successfully shepherd the parties through that process.'" *Id.* (quoting ECF No. 151, PageID.3014). As the Magistrate Judge noted, "while the Court expects both sides to negotiate in good faith, obviously Vitamin Energy retains the right to reject any settlement proposal it determines not be in its best interests" and that the "parties should give it a good-faith effort." *Id*. at PageID.3180.

The Magistrate Judge's Orders reviewed and considered the parties' positions and had sufficient information to enter the Mediation Order and to stay discovery pending the mediation process. The Court finds that the Magistrate Judge's findings were not clearly erroneous and must give deference to the findings. The parties have engaged in extensive discovery and litigation and the

3

Magistrate Judge sought to have an experienced mediator "shepherd" the parties through a more productive negotiation process without spending more time in expensive expert discovery.  The Magistrate Judge further found that Defendant failed to explain why taking an additional ten expert depositions before another mediation session was to be held would likely increase the odds of a resolution.  The parties would be unable to focus their attention on the mediation process if Defendant was allowed to schedule the depositions of ten experts to be held at various parts of the country.  The Magistrate Judge's Order to stay the matter from any further expert depositions and instead focus on a good faith effort to resolve the matter (or at least narrow the issues and difference between the parties) before an experienced mediator was not clearly erroneous.

Accordingly,

**IT IS ORDERED** that Defendant Vitamin Energy's Renewed Motion Objections under LR 72.1(d) and Fed. R. Civ. P. 72(a) **(ECF No. 162)** is **DENIED,** and the **Objection/Appeal is OVERRULED**.  The Magistrate Judge's Orders (ECF Nos. 151 and 161) are **AFFIRMED**.

**IT IS FURTHER ORDERED** that in light of the Stay, the following discovery-related motions referred to the Magistrate Judge are designated as **MOOT**:  Renewed Motion to Compel Deposition (ECF No. 132); Sealed Motion for Leave to File Motion for Limited Discovery and Exhibits Under Seal (ECF

No. 142); Motion for Limited Discovery (ECF No. 143); Motion to Seal Notice (ECF No. 147); and, Motion for Leave to File Surreply (ECF No. 155).  If after the mediator has issued a report as to the status of the mediation to the Magistrate Judge and the matter remains unresolved, the motions may be reopened by the Magistrate Judge upon request by the movant.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

Dated:  March 31, 2026

5