**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

INTERNATIONAL IP HOLDINGS, LLC, a Michigan limited liability company, and INNOVATION VENTURES, LLC, a Michigan limited liability company,

Plaintiffs,

v.

VITAMIN ENERGY, INC., a Delaware corporation,

Defendant.

Case No. 19-CV-11716
Hon. Denise Page Hood
Magistrate Judge David R. Grand

## RESPONSE TO PLAINTIFFS' MOTION TO ENFORCE ORDER STAYING PROCEEDINGS [ECF 151]

## INTRODUCTION

Plaintiffs base their motion to enforce order staying proceedings on a faulty premise. The Defendant has not violated the stay order and this case has been stayed since the validation of that order and remains stayed as of today.

But Plaintiffs mistakenly cry foul over Defendant's decision to start a different lawsuit (defamation versus trademark infringement/false advertising) against a different party (John Does versus Plaintiffs) in a different jurisdiction (Ohio versus Michigan), and in a different court system (state versus federal). The Ohio state suit about which Plaintiffs complain is not part of this federal case, and so the stay in this case does not apply.

Indeed, what Plaintiffs actually want is an anti-suit injunction in which this Court would tell the Ohio state court that the Ohio state court cannot hear the matter brought before it by Vitamin Energy. As an anti-suit injunction cuts against the comity between the federal and state court systems, the bar for such a remedy is high and Plaintiffs have not even tried to meet it – and could not do so if they tried.

## ARGUMENT

There are two fundamental problems with Plaintiffs International IP Holdings, LLC and Innovation Ventures, LLC's (collectively, "5 Hour") motion to enforce the stay. The first is that Defendant Vitamin Energy, Inc. ("Vitamin Energy") did not violate the stay order. The second is that 5 Hour is actually seeking an anti-suit injunction without having even tried to satisfy the challenging statutory, Supreme Court, and Sixth Circuit standards. This response will address both arguments in turn.

### A. No Stay Violation

The Court's stay of proceedings did not include a separate and different lawsuit filed in a different court, a different judicial system – state versus federal – against different parties, and through different legal counsel. The Court granted 5 Hour's motion to stay proceedings on October 2, 2025. [ECF 151 at 5] That motion sought to stay this specific case, *International IP Holdings v. Vitamin Energy* (Case

No. 2:19-cv-11716). [ECF 138] The requested stay was based on the fact that 5 Hour wanted to force Vitamin Energy into mediation. [Id. at 4-6]

While the stay motion was pending, Vitamin Energy filed a motion to open limited discovery concerning certain noted Amazon reviews that Vitamin Energy believed were connected to 5 Hour. [ECF 143] Fact discovery in the matter had closed as of June 18, 2025 but the reviews on which Vitamin Energy's motion was premised were posted on August 8, 2025, after the close of fact discovery. [ECF 118] Those reviews caused Vitamin Energy to do a deeper investigation, which revealed other reviews that Vitamin Energy found suspicious. [Id. at 6-7] The Court ultimately denied that motion for limited discovery without prejudice. [ECF 151 at 5]

In objecting to the request for limited discovery, 5 Hour took the position that there was no evidence linking the subject reviews: "Here, VE identifies no concrete evidence linking the reviews or orders at issue to Plaintiffs. Instead, the 'suspicion' boils down to nothing more than negative reviews of its own products coupled with positive reviews of 5 Hour's." [ECF 149 at 3] To date, 5 Hour has not disclosed whether it had any connection to the reviews listed in Vitamin Energy's motion for limited discovery.

On January 14, 2026, Vitamin Energy filed a state court action in Ohio against John Does 1-20, *Vitamin Energy, Inc. v. John Does 1-20*, Case No. CV26

131136 (Cuyahoga County Court of Common Pleas, filed January 14, 2026) (the "Ohio Case"). The Ohio Case sought discovery concerning certain reviews of Vitamin Energy, including those incorporated into the motion for limited discovery. The Ohio Case was filed in a different court, in a different state, under a different judicial system, against different defendants, and was filed by different legal counsel from that which Vitamin Energy has used in this matter. The Ohio Case concerns defamation and its purpose is to obtain information from Amazon concerning the reviews that Vitamin Energy found to be suspicious. So, the discovery sought in the Ohio Case is not necessarily in the possession, custody, and control of 5 Hour. Indeed, 5 Hour appears to deny that the reviews in question were written by or with the support of 5 Hour.

The fact that this case is and has been stayed and the fact that the Ohio Case is a different proceeding prevents 5 Hour from succeeding in its Motion. But 5 Hour has an even bigger problem.

**B. No Anti-Suit Injunction Support**

What 5 Hour is attempting is to preliminarily enjoin Vitamin Energy from pursuing a state court action that 5 Hour claims is connected to this matter. In doing this, 5 Hour asks this federal court to interfere with the jurisdiction of a state court – effectively preventing that court from hearing an otherwise proper action. This behavior is squarely forbidden by the Anti-Injunction Act, § 2283. That statute

reads like this: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." [June 25, 1948, ch. 646, 62 Stat. 968]

The Anti-Injunction Act is clear. This Court may not prevent Vitamin Energy from exercising its rights in an Ohio court against different defendants on a different subject matter unless 5 Hour can satisfy the limited exceptions. Here, 5 Hour cannot.

The first exception is when the injunction is expressly authorized by Act of Congress, which is not the case here. The second exception is where the injunction is necessary in aid of this Court's jurisdiction. Again, this Court already has jurisdiction over the parties and has had that jurisdiction since 2019 and the Ohio Case would not and could not interfere with that jurisdiction. The last exception is to protect or effectuate this Court's judgments. This Court has not issued any judgments and has certainly not effectuated any judgments that would implicate the Ohio Case.

In addition, there are a small number of cases that allow a federal court in a multidistrict litigation to use the All Writs Act to protect the integrity of pretrial orders in multidistrict litigation ("MDL"). *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196 (7th Cir. 1996); *In re Columbia/HCA Healthcare Corp. Billing Practices Litigation*,

93 F.Supp.2d 876 (Tennessee District Court, 2000). This line of cases is exclusive to MDL matters and appears to be an exception to the rule that prohibits application of the Anti-Injunction Act to in personam matters (see below).

Vitamin Energy's position here is supported by both Supreme Court and Sixth Circuit precedent. The Supreme Court in *Kline v. Burke Construction Co.*, 260 U.S. 226 (1922), held that when a federal court has first acquired jurisdiction of the subject matter of a cause of action, that court may enjoin the parties from proceeding in a state court of concurrent jurisdiction only where the effect would be to defeat or impair federal court jurisdiction. *Id.* at 229. That decision continued by noting that when the actions are in personam, as they are here, there is not a threat to federal court jurisdiction. *Id.* at 231-32. So, the Anti-Injunction Act would not apply to the fact scenario here because the Ohio Case would not impair this Court's jurisdiction and neither this matter nor the Ohio Case is an in rem proceeding.

The Sixth Circuit has taken a similar position on the Anti-Injunction Act. In *202 N. Monroe, LLC v. Sower,* 850 F.3d 265 (6th Cir. 2017), the Sixth Circuit affirmed a federal district court decision out of the Western District of Michigan refusing to enjoin a state court proceeding. In that matter, a developer tried to rezone a property for condominiums in Rockford, Michigan but could not prevail before the city council because of a super-majority requirement. The developer

sued in federal court over the denial and settled with the city, which granted the rezoning under a simple majority vote.

When certain Rockford residents sued in state court claiming that the settlement violated the zoning ordinance, the developer tried to enjoin the state suit. The federal court declined finding that it lacked subject matter jurisdiction because the Anti-Injunction Act barred it and none of the exceptions applied.

On appeal, the Sixth Circuit affirmed. The panel confirmed that Anti-Injunction Act exceptions are purposefully narrow as the prohibition is rooted in the constitutional independence of states and their court systems. *Id.* at 271. For the relitigation exception of the Anti-Injunction Act to apply, the Sixth Circuit required that the state court issue already have been decided by the federal court and that the Rockford residents suing in state court were not bound by the earlier federal judgment. *Id.* at 271-72.

Here, the facts are tilted even more toward Vitamin Energy. The federal court has not decided the request for limited discovery much less issued a judgment but rather has denied it without prejudice pending the outcome of the mediation.

In conclusion, Vitamin Energy has honored the Court's stay of proceedings and the separate lawsuit in Ohio State court against John Doe defendants may not be enjoined by 5 Hour under the Anti Injunction Act.

Respectfully submitted,

Dated: September 9, 2026

**EVIA LAW PLC**

By: */s/ Steven Susser*
Steven Susser (P52940)
231 S Old Woodward, Suite 220
Birmingham, MI 48009
(248) 243-1201
steven@evialaw.com

*Attorney for Defendant Vitamin Energy, Inc.*

## CERTIFICATE OF SERVICE

I certify that on September 9, 2026, the foregoing document was submitted to the court for efiling and served on opposing counsel via the CM/ECF system.

/s/ *Steven Susser*
Steven Susser (P52940)