UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL IP HOLDINGS, LLC
a Michigan limited liability company,
and INNOVATION VENTURES, LLC,
a Michigan limited liability company,

Plaintiffs,

v.

VITAMIN ENERGY, LLC,
a Delaware limited liability company,

Defendant.

Case No. 19-cv-11716

Hon. Denise Page Hood
United States District Judge

Hon. David R. Grand
United States Magistrate Judge

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO ENFORCE ORDER STAYING PROCEEDINGS [ECF 151]**

Plaintiffs International IP Holdings, LLC and Innovation Ventures, LLC (collectively, "Plaintiffs") hereby submit this Reply brief in support of their Motion to Enforce Order Staying Proceedings (ECF 168) (the "Motion").

## INTRODUCTION

Plaintiffs filed their Motion after learning that, following this Court's Stay Order, Vitamin Energy ("VE") surreptitiously initiated the Ohio Case, alleging a conspiracy between Plaintiffs and anonymous Amazon reviewers who left reviews that VE found to be unfavorable—all to obtain the same discovery this Court did not permit when it denied VE's Re-open Discovery Motion as "MOOT," given the Stay Order and the impending mediation. (ECF 167) Undaunted, VE filed the Ohio Case

Complaint, practically advertising it as a means to work around this Court's Stay Order and Scheduling Order: "**[VE] brings this action to obtain discovery identifying the individuals responsible, confirm their connection to [5-hour ENERGY], and pursue appropriate relief**." (Motion at Ex. A, ¶ 3) (bold added)

Now, in its Opposition to the Motion (ECF 169), VE avers that "what Plaintiffs actually want is an anti-suit injunction in which this Court would tell the Ohio state court that the Ohio state court cannot hear the matter brought before it by Vitamin Energy." (Opposition, p. 2) Not so. Plaintiffs do not presume to control VE's ability to bring suit against other parties. But VE cannot use other cases to get discovery this Court has not permitted—least of all in an effort to fuel conspiratorial allegations about product reviews that have no bearing on the claims in this case.

## ARGUMENT

### A. VE Essentially Admits that it Violated the Stay Order

While VE denies contravening the Stay Order, it all but admits the violation in its Opposition, describing its intent in filing the Ohio Case: "**[t]he Ohio Case sought discovery concerning certain reviews of Vitamin Energy, including those incorporated into the [Re-Open Discovery Motion]**." (Opposition, p. 4) Exactly. VE initiated the Ohio Case to obtain discovery this Court has not permitted.

VE's Ohio Case Complaint further highlights this improper purpose, attempting to tie anonymous Amazon reviews critical of VE's product to Plaintiffs

and 5-hour ENERGY®—precisely the issue VE tried to inject into this Case after discovery closed, but prior to the Stay Order—for example (bold added):

- "This action arises from a coordinated campaign of fake product reviews systematically targeting Plaintiff Vitamin Energy, Inc.'s products on Amazon.com…" … "The evidence strongly suggests this campaign originates from 5-Hour Energy or entities acting on its behalf. …" (¶¶1, 2)

- "Because the reviewers operate under anonymous usernames, **Plaintiff brings this action to obtain discovery identifying the individuals responsible, confirm their connection to Plaintiff's competitor, and pursue appropriate relief**." (¶ 3)

- "**Since 2019, 5-Hour Energy has been engaged in litigation against Plaintiff in [the EDMI] (Case No. 2:19-cv-11716-DPH- MKM)**, asserting trademark infringement claims based on Plaintiff's '7 HOURS of ENERGY' marketing. **That litigation is currently stayed pending resolution of a motion.**" (¶ 15)

- **"The Need for Discovery.** Plaintiff has presented compelling circumstantial evidence that the coordinated review campaign targeting its products originates from or is directed by 5-Hour Energy or entities acting on its behalf. However, because Defendants operate under anonymous usernames on Amazon, **Plaintiff cannot definitively identify them or confirm their connection to 5-Hour Energy without discovery**." (¶ 64)

- Ohio Compl. Ex. C-7, the Declaration of Deimar Gutierrez, is the same declaration VE submitted in support of the Re-open Discovery Motion.

The timing of VE's actions speaks to its disregard of the Stay Order. It was months after the Stay Order was entered in October 2025 that VE filed the Ohio Case in January 2026. It was months after this Court affirmed the Stay Order and denied the Re-open Discovery Motion in March 2026 that VE filed its motion to subpoena Amazon in the Ohio Case in May 2026, and issued the subpoena in July 2026. Thus,

on multiple occasions after the Stay Order was entered and affirmed, VE disregarded it and pursued the same discovery in the Ohio Case.

**B. Plaintiffs do Not Seek an Anti-Suit Injunction**

VE spends much of its Opposition arguing that Plaintiffs have not demonstrated support for an "anti-suit injunction." (*See* Opposition, pp. 2, 4-7) But Plaintiffs are not seeking to enjoin VE from suing unrelated parties. If VE has a meritorious claim against the "John Doe" defendants that does not somehow purportedly implicate Plaintiffs, then Plaintiffs do not seek to interfere.

But on its face, that is not what the Ohio Case is about. Rather, it is a discovery fishing expedition directly tied to matters VE has tried to drag into this case after the close of fact discovery.[1] So, while Plaintiffs do not seek to bar VE from prosecuting the Ohio Case, they do seek for this Court to enforce the Stay Order and its Scheduling Order. And because VE has used the Ohio Case as a work-around to avoid this Court's Stay Order and the expired fact discovery deadline in this Court's Scheduling Order, Plaintiffs ask that this Court take appropriate action to prevent such an end-run by VE. For example, the Court can order VE to withdraw the subpoenas issued in the Ohio cases (or any similar cases VE may have filed), prohibit

[1] VE criticizes Plaintiffs by arguing, "[t]o date, 5 Hour has not disclosed whether it had any connection to the reviews listed in Vitamin Energy's [Re-Open Discovery Motion]." (Opposition, p. 3) But there is no basis for such a disclosure because discovery is over. VE's accusation is just additional evidence of VE attempting to re-open discovery by extracting an additional interrogatory response from Plaintiffs.

VE from using materials obtained from subpoenas and discovery in the Ohio case in this case, and/or deny with prejudice VE's Re-open Discovery Motion.

**CONCLUSION AND RELIEF REQUESTED**

WHEREFORE, for the reasons set forth in this Reply, and in the Motion and Brief in Support, Plaintiffs respectfully request that this Honorable Court enforce the Stay Order and the Scheduling Order; otherwise take action appropriate to prevent VE from circumventing the discovery parameters established in this case; order Vitamin Energy to withdraw the discovery subpoenas in the Ohio case and any other discovery seeking the same materials that are at issue in this case; award Plaintiffs their attorney fees for having to bring this Motion; and otherwise provide Plaintiffs with relief the Court deems just and proper.

Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**
Co-Counsel for Plaintiffs

By: */s/ Kevin J. Watts*
E. Powell Miller (P39487)
Melvin Butch Hollowell (P37834)
Martha J. Olijnyk (P60191)
Kevin J. Watts (P64852)
950 West University Dr., Ste. 300
Rochester, MI 48307
(248) 841-2200
epm@millerlawpc.com
mbh@millerlawp.com
mjo@millerlawpc.com
kjw@millerlawpc.com

Dated: September 16, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2026, I electronically filed the foregoing document using the ECF system which will send notification of such filings to all counsel of record.

**THE MILLER LAW FIRM, P.C.**
Co-Counsel for Plaintiffs

By: /s/ *Kevin J. Watts*